## STEWART v. MAHONEY.[*]

*(Circuit Court, D. Massachusetts.   January 28, 1879.)*

1. INVENTION—NEW RESULT.—Where an invention involves a new result first thought of by the patentee, the fact that the mechanical changes by which the result is produced are not difficult is not necessarily important.

2. DEVICE PATENTABLE AS PART OF COMBINATION—GENERAL CLAIM.— Where a device is patentable only as used in connection with a particular combination, the claim for such device must limit it to the particular combination of which it so forms a part.

3. PATENT—RE-ISSUE No. 6,076—IMPROVEMENT IN FOLDING CHAIRS— CLAIM TOO BROAD.—In a re-issued patent for improvements in folding chairs two claims were made—the first being for the combination with the leg frames of a folding chair, in which the front leg frame was independent of the seat, of a back frame connected at the lower end to the rear legs and at the upper end of the front legs frame by means of pivots, whereby the legs were prevented from spreading when the chair was opened, and admitting of being folded compactly together when closed; and, second, for a combination with the back frame of a folding chair, provided with an independent back section, of a stretcher attached thereto for supporting the rear of the seat, whereby the strain of the seat was received directly on the back. The simple device of a stretcher in the back of folding chairs as a support for the seat was not novel. *Held*, that the second claim, as made in the patent, would not, for the purpose of sustaining it, be construed as confined to the class of chairs described.

4. INFRINGEMENT—PATENT INVALID IN PART—COSTS—REV. ST. § 4922. In a suit for infringement, a patent containing two claims was, as to one claim, *held* invalid, and as to the other sustained. *Held* that, under Rev. St. § 4922, complainant was not entitled to costs.

In Equity.

*James E. Maynadier*, for complainant.

*Thomas H. Dodge*, for defendant.

Suit for infringement of letters patent No. 102,179, dated April 19, 1870,—re-issue No. 6,076, dated October, 1874,— for new and useful improvement in folding chairs.

This was a patent for a folding chair made by a combination of two frames formed by two pairs of crossing legs, with connecting stretchers, and pivoted at point of crossing; and a

*Published by request.   Reported by Homer C. Eller, Esq., of the St. Paul bar

back frame, consisting of two parts, with connecting stretchers, the posts forming the back being hinged or pivoted to the frame and forming the rear legs, and pivoted to the upper end of the frame forming the front legs, so fastened and arranged as to readily fold up, and when opened to prevent the legs from spreading, a connecting stretcher in the back frame being so placed as to form a support for the rear of the seat. The claims were as follows:

*First.* The combination with the leg frames of a folding chair, in which the front leg frame is independent of the seat, of a back frame connected at its lower end to the rear legs, and to the upper end of the front legs frame by means of a pivot, whereby the legs are prevented from spreading when the chair is opened, and admit of being folded compactly together when closed, as and for the purpose specified.

*Second.* The combination with the back frame of a folding chair, provided with an independent back section, of a stretcher attached thereto for supporting the rear of the seat, whereby the strain of such seat is received directly upon the back, substantially as described.

Lowell, C. J. The patentee and complainant relies on both claims of his patent, and upon an infringement of both by the defendant.

His second claim is: "The combination with the back frame of a folding chair, provided with an independent back section, of a stretcher attached thereto for supporting the rear of the seat, whereby the strain of such seat is received directly upon the back, substantially as described." A chair is produced and made an exhibit, as "George Hunzenger's folding chair," which the complainant admits was made and sold before the date of his invention, which contains the combination of the second claim, unless that claim should be construed as confined to a chair having an arrangement not described in the claim itself; that is, to such chairs, and only such, as are the subject of the first claim. I see no ground for thus limiting the second claim, which would seem to have been made broad on purpose to include a class or classes of chairs not included in the first claim. If this were not the purpose, it

would have been more convenient and obvious to say so, instead of giving a description of folding chairs, which embraces a larger number.

It was said at the hearing that Judge Shepley had pronounced an unhesitating opinion that this claim was void. I so hold.

Unfortunately my predecessor, though he heard a reargument upon the first claim, did not decide that part of the case. His impression, perhaps, was that this claim was likewise void; but he gave no opinion, and rendered no general decree in the case.

I have examined the evidence and the arguments with care, and I am of opinion that there was both novelty and utility in the subject of the first claim, and that it has been infringed. Many chairs had been made that resembled the plaintiff's in many particulars, and which might easily have been so modified as to embody his invention; but they do not appear to have been so modified before his time.

The question of novelty, including in that word the discovery or invention which will be sufficient to support a patent, is often a very difficult one to decide. Invention often involves a new result, first thought of by the patentee; and in such cases the fact that the mechanical changes he has made are not difficult, is often unimportant. The cases in which invention is wanting are usually those in which the result is old in kind, and the change of means is obvious, or has been used in analogous machines or articles, and then the smallness of the change is very likely to be decisive against the patent.

This case seems to me to fall within the former class.

By Rev. St. § 4922, the complainant cannot recover costs.

Decree for the complainant, without costs.