## BOSTON LASTING MACH. CO. *v.* WOODWARD et al.

### (Circuit Court, D. Massachusetts. January 18, 1893.)

### No 2,948.

1. PATENTS FOR INVENTIONS—INVENTION—COMBINATION—LASTING AND FASTENING MACHINE.
   Letters patent No. 248,544, issued October 18, 1881, to Erastus Woodward, for an improvement in lasting and fastening machines, cover, in the second, third, and fourth claims, the combination of a jack for holding a last, automatic pegging mechanism so constructed as to present and drive but one nail, and mechanism which is brought into operation by the pressure of the sole of the shoe carried by the jack, and actuates the pegging mechanism. *Held,* that the function of this combination is new, and the patent is entitled to a broad construction.

2. SAME—INFRINGEMENT.
   These claims are infringed by machines made under letters patent No. 426,160, granted April 22, 1890, to Erastus Woodward, since these machines contain devices which are equivalent to those of the patent.

3. SAME—COMBINATION—INVENTION.
   The first and fifth claims of the first above-named patent, which cover a combination of the jack, the pegging mechanism, and the actuating mechanism, with an unweighted foot treadle, so constructed as to press the work against the actuating mechanism when the treadle is depressed, are void, as the treadle takes no part in the function of the combination.

In Equity. Suit by the Boston Lasting Machine Company against Erastus Woodward and others for infringement of a patent. Decree for complainants as to the second, third, and fourth claims of the patent and that the first and fifth claims are void.

James E. Maynadier, for complainant.
George O. G. Coale, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 248,544, granted October 18, 1881, to Erastus Woodward, for an improvement in a lasting and fastening machine. The letters patent have been assigned to the complainant. The claims alleged to be infringed are as follows:

"(1) In an organized machine for lasting and tacking the uppers of boots and shoes, the combination of a jack and last adapted to be operated by a foot treadle, to present the work to the nozzle of an automatic fastening-driving device, and the automatic fastening-driving device, whereby the last and jack are presented by the foot to the nozzle of the fastening-driving device, a tack or nail driven, and the jack and last automatically adapted to resume their original position upon the release of the treadle, substantially as described.

"(2) In an organized lasting and tacking machine, the combination of a jack for holding a last and presenting it to automatic fastening-driving mechanism, the said automatic fastening-driving mechanism, and an actuating device for starting the fastening-driving mechanism, constructed substantially as set forth, and adapted to be moved in the act of presenting the work in proper position for receiving the fastening, whereby the fastening may be driven at the instant that the work is so located, all substantially as and for the purposes described.

"(3) In an organized machine for lasting and tacking the uppers of boots and shoes, the combination of a jack for holding and presenting the last to an automatic fastening-driving device, the automatic fastening-driving device, and the means for setting said fastening-driving device in operation, arranged or located to be automatically moved upon the placing in position of the last, whereby a fastening is driven at the instant the last is so located, all substantially as and for the purposes described.

"(4) In an organized machine for lasting and tacking the uppers of boots and shoes, the combination of a jack for holding and presenting the last to an automatic fastening-driving device, the automatic fastening-driving device, and the means for starting and stopping its operation, adapted to be operated or moved automatically upon the placing in proper position of the last or work in relation to the nozzle, whereby, upon the instant said work is so located, a fastening is driven, and the machine automatically stopped, all substantially as and for the purposes described.

"(5) In an organized machine for lasting the uppers of boots and shoes, the combination of a jack for holding and supporting the last, and for presenting it and the work thereon to an automatic fastening-driving device, said fastening-driving device, means for stopping it, and an unweighted foot treadle for operating the jack, all arranged so that, as the jack is lifted, the stop-motion mechanism is operated, all substantially as and for the purposes described."

The second, third, and fourth claims are for the combination of the jack for holding a last, the automatic pegging mechanism so constructed as to present and drive but one nail, and the mechanism which is brought into operation by the pressure of the sole of the shoe, carried by the jack, and actuates the pegging mechanism. Previous to this invention, there had been automatic pegging devices, which, being actuated mediately or immediately by the pressure of the work, commenced to present and drive nails, and so continued, whereby many nails were wasted. There was also a machine so constructed as to drive only one nail, and set in operation by pressure on a thumb piece by the hand of the operator. Such a machine is

shown in letters patent No. 218,354, granted August 5, 1879, to Woodward & Brock. But the evidence does not show any mechanism wherein a pegging device is so constructed as that, when set in operation, it will drive only one nail, and at the same time is so constructed as to be actuated by the pressure of the work. The function of the combination is, therefore, new, and the patent is entitled to a broad construction accordingly. Under such a construction, the respondents do not deny that the machines made by them operate by devices which are the mechanical equivalent of the devices claimed in the patent. I shall not compare the two devices further than to say that the one of the two machines made by the respondents is described in letters patent No. 426,160, granted April 22, 1890, to the respondent Woodward; and that both of them contain, as I view it, devices equivalent to those shown in the patent.

The first and fifth claims are for a combination of the jack, the pegging mechanism, and the actuating mechanism, with an unweighted foot treadle, so constructed as to press the work against the actuating mechanism when the treadle is depressed. I do not think that this describes a patentable combination. The treadle plays no part in the function of the combination. It moves the work towards and against the actuating mechanism, and so occasions the operation of the mechanical combination. But it takes no part in it. There is, no doubt, a steam or other engine, with suitable belt or gearing, which moves the pegging mechanism, and also the actuating mechanism; but neither engine nor treadle are any part of the mechanism, which, acting together, and mutually interacting between its parts, performs the new function, and is thus itself the new machine invented by the patentee. The decree therefore will be that the respondents infringe the second, third, and fourth claims, and that the first and fifth claims are invalid.