## PACKARD v. LACING STUD CO.

(Circuit Court of Appeals, First Circuit. October 18, 1895.)

No. 135.

1. PATENTS—PRIMA FACIE VALIDITY—OPERATIVE MACHINE.

The fact that no machine has been constructed and put into practical operation under a patent is not, of itself, sufficient to show that the patent is inoperative, or to overcome the prima facie presumption of its validity from the fact of its issuance. If the proofs do not overcome this presumption, and the device is of such a character, or relates to such special and peculiar subject-matters, that it does not come within the range of common experience or judicial knowledge, the prima facie showing must stand.

2. SAME—SUFFICIENCY OF SPECIFICATIONS.

Where it is claimed that a patent, under which no machine has been put into practical use, would be inoperative because of a difficulty pointed out, it is only necessary that the specification should be such that a mechanic of ordinary skill in the art should be able, by the aid thereof, to overcome such difficulty.

3. SAME—ANTICIPATION—UTILITY OF ANTICIPATING MACHINE.

Where a machine is relied on only as an anticipation of the patent in issue, it is not necessarily of importance to inquire whether the same possessed utility or not, or was in all respects patentable.

4. SAME—INVENTION—ANTICIPATION.

A patent for a combination is not necessarily invalid by reason of the fact that all its elements could be brought together by selecting parts from various known machines of the same character, though this may require a strict construction of its claims.

5. SAME—MACHINE FOR SETTING AND FEEDING LACING HOOKS.

The Eppler patent, No. 255,076, for a machine for feeding and setting lacing hooks, held void as to claims 1, 6, and 7, and valid as to claim 3, which is also held infringed by a machine made in accordance with the Smith patent, No. 309,166. 67 Fed. 115, modified.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill in equity by the Lacing Stud Company against Nathaniel R. Packard for alleged infringement of letters patent No. 255,076, issued March 14, 1882, to Andrew Eppler, Jr., for a machine for feeding and setting lacing hooks. The machine used by respondent was made according to letters patent No. 309,166, issued December 9, 1884, to Stephen N. Smith. The first, third, sixth, and seventh claims of the Eppler patent were put in issue in the case, and the circuit court held that each of these claims was valid, and was infringed by respondent's machine. 67 Fed. 115. Respondent appeals.

John L. S. Roberts, for appellant.

Frederick P. Fish and William K. Richardson, for appellee.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. This is a suit on a patent for improvements in machines for feeding and setting lacing studs. The defendant below (now appellant) claims that the patented machine of the plaintiff below (now appellee) is inoperative; and, in turn, the plain-

tiff below claims that the alleged anticipatory machine especially relied on by the defendant was abandoned, as a failure, after a short experimental use. Questions of this character are too often pressed on the court without necessity, diverting its attention from more substantial issues. The rules touching them are well settled. They in no way take on the extreme characteristics insisted on by each side in the case at bar, and the circumstances must be very peculiar to call for their application. The appellant attempts to emphasize his position by urging that there is no evidence in the record that the appellee's machine was ever made, much less put into use. That it was constructed and put into use is alleged in the bill, but this is directly denied by the answer, and there are no proofs touching this issue; so in regard to this the appellant is to be taken as correct. But this, standing alone, falls far short of answering as an equivalent for the appellant's general proposition. If a machine has not been constructed and put into practical use, it may be difficult to determine whether it ever can be; but, notwithstanding this, the grant of the patent makes a prima facie case in this particular, and the court may not be able to find in the record proofs to overcome this presumption. When such is the fact, and when, also, the device is of such a character, or relates to such special and peculiar subject-matters, that it does not come within the range of common experience or judicial knowledge, the prima facie showing must stand. The patent at bar, on the proofs submitted, falls within these conditions. It is claimed that the machine it covers is liable to be clogged at one point so as to become inoperative; but we are referred to no proofs on this proposition, and are asked to determine it by inspection. This we cannot do, to the extent of ascertaining for ourselves that the appellee's device does not represent a completed and useful invention. We are even further from an ability to determine that a mechanic of ordinary skill in the art could not take the patented machine in issue, and, with the aid of the specification, overcome the minor difficulty to which the appellant refers. The law does not require more than this. Persons possessed of the most brilliant conceptions are sometimes the poorest mechanics. Pickering v. Mc-Cullough, 104 U. S. 310, 319; The Telephone Cases, 126 U. S. 1, 535, 536, 8 Sup. Ct. 778. Other authorities are sufficiently gathered in Robinson on Patents, at sections 128 and 129, and in the notes thereto. These remarks also apply generally to the Palmer machine. It sometimes happens that a device is abandoned for reasons wholly other than its own inherent qualities. As this machine is relied on by the appellant only as anticipatory, it is not necessarily of importance to inquire whether it possessed utility, or was in all respects patentable, and we agree with the circuit court that it cannot be classed with mere abandoned experiments.

The appellant further says that the patent in issue is what has been termed a "paper patent,"—of no use or benefit to the public, but bought for the purpose of being laid away until such time as it could be brought forth and used on some unlucky rival. We do not find in the record the proofs to sustain this claim, and therefore we need

not discuss it. The record does, however, show many machines for placing various articles promiscuously in reservoirs or hoppers, with appropriate devices for selecting and feeding them automatically; and that there have long been such various devices is also a matter of common knowledge. It is also probably true that by selecting from the various known machines of that character, and indeed by selecting only from those devised with reference to lacing hooks, including especially the Palmer machine, all the elements of the patented machine in suit could be brought together. This, however, on well-settled rules, falls far short of demonstrating that appellee's device contains no patentable qualities, though it compels us to regard them as of a limited and restricted character.

Therefore, in view of these anticipations and the state of the art, we think the entire substance of the patent in controversy is in the third claim. The learned judge who tried this cause in the circuit court has fully explained this claim; and, as we agree with his exposition of it, nothing would be gained by enlarging upon it, except to add that we think it represents only an improvement in one particular over Palmer. For the reasons already given, especially in view of the Palmer machine, we think the first claim is too broad. A machine could be constructed embracing all the elements it contains, and yet be substantially the same as Palmer's. The groove is the only new element in the sixth claim. It is now sought to be supported on the proposition that it extends through the entire circle, and serves to steady the arms as they revolve. But neither the claim nor the specification indicates any such purpose, and all their requirements can be met without the groove extending over more than the lower part of the reservoir. Giving them a fair construction, their substance is found in the Palmer device. We think the set screws, which are the only element which is alleged to distinguish the seventh claim, do not create any patentable difference from the third claim, and that, therefore, the seventh is ineffectual and void.

The defendant below appealed against the whole decree. He succeeds in reversing it in some substantial parts, but not in the most important particular. Neither party has wholly prevailed here. Therefore we will follow Mason v. Graham, 23 Wall. 261, 278, where the circumstances, in that the case was in equity, and there was a substantial modification of the decree below, were more akin to the case at bar than those in Railroad Co. v. Harmon, 147 U. S. 571, 590, 13 Sup. Ct. 557. The decree of the circuit court will be modified so as to stand in favor of the plaintiff below on the third claim of the patent in suit, and in favor of the defendant below on the first, sixth, and seventh claims. The case is remanded to that court for further proceedings accordingly, and neither party will recover costs in this court.