BOSTON LASTING MACH. CO. v. WOODWARD et al.

(Circuit Court, D. Massachusetts. June 18, 1896.)

No. 638.

PATENTS—INFRINGEMENT—LASTING AND FASTENING MACHINES.
    The Woodward patent, No. 248,544, for a lasting and fastening machine, *held* not infringed by a machine in which the tack-driving mechanism is actuated, not by the pressure of the work, but by the depression of a rod connected with the treadle, so that the desired result of driving the tack at the proper time, without using the operator's hand, is obtained by a different method from that claimed by the patent. Machine Co. v. Woodward, 53 Fed. 481, and Woodward v. Machine Co., 8 C. C. A. 622, 60 Fed. 283, and 11 C. C. A. 353, 63 Fed. 609, distinguished.

This was a bill in equity by the Boston Lasting Machine Company against Erastus Woodward and others for alleged infringement of a patent for a lasting and fastening machine for boots and shoes.

Frederick P. Fish and Wm. K. Richardson, for complainant.
James E. Maynadier and Geo. O. G. Coale, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of the second, third, and fourth claims of letters patent No. 248,544, issued October 18, 1881, to Erastus Woodward, for a lasting and fastening machine. These claims have heretofore been found to be valid, and the respondents have been held to infringe by the making and using of two certain machines which were described in the former suit. Machine Co. v. Woodward, 53 Fed. 481; Woodward v. Machine Co., 60 Fed. 283, 8 C. C. A. 622, and 63 Fed. 609, 11 C. C. A. 253. On the 16th of February, 1893, the complainant filed in the office of the commissioner of patents a disclaimer of the first and fifth claims of the patent. The present suit alleges infringement by the making of a third machine, which was not brought in question in the former suit.

The differences between the patented machine and the two machines which in the former suit were found to be infringements are well stated by the counsel for the complainant in the following words:

"In Woodward's former machines, one difference related to the work-presenting mechanism; instead of having the foot treadle connected directly with the jack-supporting lever, as in the Woodward patent, the defendants' machine had a power-operated jack-lifting mechanism, comprising a clutch which is closed by the depression of the treadle, and thus instantly applies power to the jack lifter. The second difference related to the tack-driving mechanism, namely, that instead of the entire mechanism of the tacker

being stopped and started at each tack-driving operation, the tack-driver bar remained continuously running, but when the treadle was depressed, the tack-feeding mechanism was then moved so as to supply a tack in the nozzle, to be driven at the next passing of the driver. * * * A construction similar to this [i. e. to the machine here in suit] was found in defendants' machine No. 2 described and shown in the Woodward patent No. 473,136, in which there was a stationary nozzle in no way affected by the pressure of the work, and a tack-feeding mechanism started by means of a rod connected with an arm that was power-actuated, under control of the treadle, in the following manner: The depression of the treadle closed the clutch, and through a beveled gear on the shaft actuated a segmental gear upon a lever, which by a spring connection actuated another lever to lift the jack. When the jack was held from further motion, either by pressure against the nozzle or against anything else, the lever carrying the segment continued its upward motion, and through intermediate levers operated the bell-crank lever connected with the tack-feeding mechanism by the rod before referred to."

For a description of the present alleged infringing machine I cannot do better than to adopt the words of Joseph P. Livermore, the expert called by the complainant, as follows:

"The rod in defendants' machine, depression of which starts the tack feed of the tacker, is connected at its lower end with one arm of an elbow lever, the other arm of which is engaged by a projection from the treadle, so that depression of the treadle depresses the rod and starts the tack feed. In the machine which I examined, the connections between the treadle and tack-feed starting rod, and between the treadle and clutch for applying the jack-raising power, were so arranged or adjusted that in the first part of the descent of the treadle from its normal position, the tack feed was started, and in the remainder of the descent of the treadle the clutch for lifting the jack was engaged; and, conversely, in the ascent of the treadle, the clutch was first disengaged, and then in the remainder of the movement the tack-feed starting rod was brought to position to again act upon the tack feed at the next descent of the treadle."

From a comparison of these descriptions it seems to me that in the two machines which were formerly held to infringe, the tack-driving device was actuated by the "pressure of the work," to repeat the phrase used in the former opinion, and that in the machine here in suit the tack-driving device is not so actuated, and therefore is not within the invention and claim of the patent. In the present machine the tack-driving mechanism starts before the work touches the machine, and would continue to operate if by any means the work should never touch the machine. The desired result, therefore, that is, the driving of the nail at the proper time without requiring the use of the hand of the operator, is obtained by a method other than that invented by Woodward and claimed in the patent here in suit. I conclude, therefore, that the respondents do not infringe, and that the bill must be dismissed.