## NORTHERN TRUST CO. v. SNYDER.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1897.)

### No. 314.

**1. COVENANTS IN LEASE—INSURANCE MONEY—APPLICATION.**
Lessees who had covenanted to keep the buildings insured for two-thirds their value, the insurance money to be used in rebuilding, executed a trust deed of the premises containing a like covenant, the trustee having notice of the lease. The buildings were insured for their full value, the lessor having no opportunity to select or approve the companies, and no part of the insurance being made payable to him. Of a subsequent loss, only about five-sixths was collected. *Held,* that, as it was the intention of all parties that the insurance money should be used in rebuilding, the lessor was entitled to the whole amount collected.

**2. APPEAL—STATUTORY COSTS—WHEN APPELLANT MAY CLAIM.**
Where the appeal has substantially prevailed, as where the decree is reversed as to the most important part, the appellant is entitled to the statutory costs.

On Rehearing. For prior report, see 22 C. C. A. 47, 76 Fed. 34.

Charles A. Dupee, Noble B. Judah, Monroe L. Willard, and Henry M. Wolf, for appellant.

John A. Henry and Otto Gresham, for appellee.

JENKINS, Circuit Judge. Counsel for the appellant in the petition for a rehearing properly criticises the argument of the opinion which is based upon the assumption that the amount of the insurance upon the buildings, $10,207.01, should be taken to represent

two-thirds of the full value of the buildings; the fact being that the value of the buildings, as stipulated by counsel, was just equal to the amount of the insurance. This stipulation was overlooked by the court. It is therefore contended that, as t'e covenant in the lease required insurance but for two-thirds of the value of the buildings, and as the insurance effected was to their full value, and as the amount collected was but $5,263.55, the appellee is entitled to but two-thirds of the insurance collected. It appears from the record that the insurance was effected between January 1, 1893, and March 30, 1893, and that the fire occurred on the 17th day of April, 1893, resulting in injury to the buildings, adjusted by the underwriters at the sum of $6,200. It does not appear by the record why the whole of the insurance was not collected. It is somewhat obscurely suggested by counsel that it was due to the failure of one or more of the underwriters.

Under such circumstances can the Columbia Straw-Paper Company, or its trustee,—who is chargeable with notice of the covenants of the lease,—properly insist that the lessor shall be limited in his recovery to two-thirds of the sum actually realized for insurance? The lease required that the buildings should be kept insured for two-thirds of their value, and that the proceeds of such insurance should be used in rebuilding, or paid over to the lessor, at the option of the lessee. It also contained a covenant to repair. The provision in the trust deed required like insurance to the amount of two-thirds of the value of the property insured, payable to the trustee, but that money paid to the trustee under any insurance policy may be applied to the reconstruction, replacement, or repair of the property. While it is true that the right of the lessor rests upon the covenant of the lease, is limited and controlled by it, and is not to be extended, it is still true that his contract was for insurance to the extent of two-thirds of the value of the building in solvent companies; and where, as here, there has been no setting aside of insurance policies for the benefit of the lessor, and no opportunity afforded him to accept of any company as solvent and satisfactory, and where, as here, the lessee effecting the insurance to the full value of the property has caused the loss to be made payable to the trustee under a condition that the insurance may be applied to the reconstruction of the property injured or destroyed by fire, the trustee having notice of the rights of the lessor, we see no reason to disturb the finding of the court below with respect to the appropriation of the total amount collected for insurance upon the buildings. It was the design of all the parties that the insurance should go to the restoration of the structures. The lessor covenanted for effectual insurance in solvent companies, but was without the opportunity of selection. He ought not, as against his lessee, and its successor and trustee with notice, to be bound by the selection of the companies made by the trustee. It could not be tolerated that the lessee or trustee should say to the lessor, "Your two-thirds of the insurance was with the companies that failed; mine, with the companies that remained solvent." If the appellant desired to hold

the lessor to the strict letter of the covenant, the insurance to the amount of two-thirds of the value of the building should have been set apart for his benefit, or should have been made payable to him before the loss. When, as here, the covenant to insure was sought to be evaded, and the insurance was sought to be diverted to the benefit of another, who had notice of the lessor's rights, the claim does not come with good grace that they who have defaulted in their duty should be permitted to retain from the lessor the insur- ance which they had stipulated to provide. In view of the manifest intention of all the parties that the insurance should be applied to the reconstruction of the buildings, we are compelled to hold that the lessor was entitled to the total insurance collected under the policies.

The appellee suggests, in answer to the petition for a rehearing, that, as the decree of reversal gave the appellee a substantial right, denied by the appellant, and which might have been discharged by payment or tender, the costs of the appeal should be borne by the appellant. The court below awarded to the appellee the amount collected of the insurance upon the buildings, $5,263.55, and also the amount collected of the insurance upon the machinery, $6,600. We were constrained to hold that the latter award was erroneous, but affirmed the court below with respect to the insurance upon the buildings. It is not determined with precision under what circumstances costs of appeal will be denied or apportioned between the parties. Possibly no cast-iron rule could be formulated that would award exact justice in all cases. The question was somewhat considered in Packard v. Lacing-Stud Co., 33 U. S. App. 306, 16 C. C. A. 639, and 70 Fed. 66, and in New England Railroad Co. v. Carnegie Steel Co., 33 U. S. App. 491, 21 C. C. A. 219, and 75 Fed. 54. In the former case the decree was reversed in some substantial particulars, but not in the most important particular, and neither party was allowed costs upon the appeal. In the latter case the decree was modified in a minor particular, and neither party was allowed to recover costs on the appeal. In Mason v. Graham, 23 Wall. 261, 278, the decree below was modified by abating some $450, and, without any discussion of the question, the court directed that each party should pay his own costs upon the appeal. In Railroad Co. v. Harmon's Adm'r, 147 U. S. 571, 590, 13 Sup. Ct. 557, the only error found in the judgment below was in the allowance of interest, and the court ordered that, if the interest should be remitted, the judgment should be affirmed, otherwise reversed; but that, in either event, costs should be paid by the defendant in error.

Without undertaking to go further than the case before us requires, we are of opinion that the appellant is entitled to the costs of this appeal. The appellant has succeeded in reversing the decree in the most important part, so far as the amount of money is concerned. It is true the appeal was from the entire decree, and that the appellant contested the right of the appellee to the recovery for any amount. We think, however, it would be a harsh rule that would deprive an appellant of the statutory costs of an appeal un-

less success attended the whole contention. That would be to require a party, at the peril of payment of the costs of the appeal, to correctly forecast the judgment of the appellate court, or to forego a review upon any doubtful question. Where the appeal has substantially prevailed, we perceive no reason to deny to the appellant the statutory costs which have been incurred in the successful attempt to assert a right. The petition for a rehearing will be overruled.