AMERICAN STREET CAR ADVERTISING CO. v. NEWTON ST. RY. CO. et al.

(Circuit Court, D. Massachusetts. August 6, 1897.)

No. 770.

1. PATENTS—COMBINATION CLAIMS—AGGREGATIONS.
    The unnecessary enumeration, as elements of a combination, of parts which are necessary to the operation of a device, but which may be understood and can be supplied by those ordinarily skilled in the art, does not, under the circumstances of this case, make the claim one for an unpatentable aggregation.

2. SAME.
    The Randall patent, No. 380,696, for an advertising rack to be used in street cars, held, on the proofs submitted to the court, to cover a novel, useful, and patentable invention, and also held infringed.

This was a suit in equity by the American Street Car Advertising Company against the Newton Street-Railway Company and others, for alleged infringement of letters patent No. 380,696, issued April 10, 1888, to Isaac H. Randall, for an advertising rack.

William Quinby and Edward S. Beach, for complainant.
Chas. G. Coe, for defendants.

PUTNAM, Circuit Judge. As the record is brought to us, it presents a close case. What the respondents have done was merely as follows: They constructed street-railway cars, built where the sides

join the roof with the usual concave cornice or cove. In this construction, they made use of the usual moldings for a proper finish at the lower and upper edges of the casing of this cornice or cove. At the inner edges of these moldings they cut grooves in the plane of the exterior surface of the casing; so that by holding up advertising cards whose width was somewhat more than the right line distance between the two moldings, and by inserting their edges in the grooves, and then pressing back the cards against the concave casing, the edges of the cards slide down into the grooves, and the cards take the concave form of the casing, and rest smoothly and securely against it. The use of the concave casing, with or without the moldings, for thus finishing the cars in the way described, is, of course, common in the art of construction. It is a matter of common knowledge that the respondents were entitled to use the same. If the respondents desired also, for any purpose whatever, to cut grooves in the moldings, the court can well conceive that it would follow as a matter of course, in the greater number of instances, that they would be cut in the plane of the convex casing. Therefore the court might well look through the record with the expectancy of finding that all done by the respondents was matter common to the art of construction. Yet the respondents have not shown us the state of the art in this respect beyond what is quite frequent in causes of this nature; that is, beyond the introduction of extracts from the records of the patent office, which often show an eccentric portion of the state of the art rather than the whole of it.

The complainant's patent was issued April 10, 1888, and purports to cover "a new and useful advertising rack for street cars." The claim in controversy is as follows:

"An advertising rack adapted for use in a street car, consisting of the body, A, having a continuous concave face, and longitudinal moldings along the edges thereof, having grooves, c, adjacent to and in substantially the same plane as the concave face of the body, in combination with screws or equivalent devices for connecting the rack to the car, engaging with the moldings outside the grooves therein, substantially as and for the purpose set forth."

The first ground of defense relates to the contents of the file wrapper. The claim as originally put into the patent office was as follows:

"An advertising rack consisting of the curved body, A, and longitudinal strips or moldings. D, D, and provided with longitudinal grooves, c, c, substantially as shown and described, and for the purposes set forth."

This claim being rejected, the applicant proceeded to amend by inserting after the words "the curved body, A," the words "presenting a concave surface to the front." As amended, the claim still met with objection at the patent office; and finally the applicant canceled the entire claim, and offered the one now in suit, which was allowed. The law applicable to proceedings of this nature has been fully explained by the court of appeals for this circuit in Reece Buttonhole Mach. Co. v. Globe Buttonhole Mach. Co., 10 C. C. A. 194, 61 Fed. 958; but the subject-matter is not in any event of importance in the case at bar, because there is no attempt to broaden out the claim in issue beyond what it expressly calls for, and the claim

as finally allowed by the patent office is clearly coincident with the complainant's invention.

Another ground of defense relates to the fact that the claim in issue enumerates the screws or equivalent devices for connecting the complainant's rack to the car, and states, in substance, that these screws or equivalent devices engage with the moldings outside the grooves therein. Beyond the fact that the respondents claim that this constitutes an aggregation, it is not entirely clear what their ground of defense is in this connection. It needs no discussion to show that this does not make what is understood by the term "aggregation,"—a term, moreover, dangerous and misleading, unless used and applied with very great consideration and care. The screws or equivalent devices, and the method of their use, described in the claim, are essential to the combination to enable it to perform its function, and, combined with it, operate to produce a single result only. It is not necessary to enlarge into extended explanations to show that this does not constitute an aggregation. Probably the best practical definition of an aggregation is found in Hailes v. Van Wormer, 20 Wall. 353, 368, where the court said as follows:

"It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results, each the complete product of one of the combined elements."

It is clear that what is covered by the claim at issue does not produce several results within this language. The most that can be said with reference to it is that inasmuch as it is plainly obvious to any mechanic that screws or equivalent devices are essential for attaching a rack to the car, and that as also, almost as a matter of course, the screws would be made use of by any ordinary mechanic in the place pointed out in the claim, it was unnecessary for the complainant to make references to these details as though they were elements of his combination; and therefore the most that can be deduced therefrom is that, perhaps, by thus enumerating them as elements, the patentee limited his claim accordingly. We perceive no principle whatever by virtue of which it can be said that the claim is invalid for this reason. The law, which deals mainly with essentials, is not inclined to permit rights to be destroyed by nonessentials, although it is true that persons interested may so insist on nonessentials as to unavoidably limit and qualify their rights. The authorities ordinarily cited to establish a different proposition do not, on examination, seem to us to support it. They consist mainly of references to patent-office decisions relating to the practice of that office, and, so far as that is concerned, based on good sense, and also tending to promote the interests of applicants for patents; but, like some other rules of the patent office, they do not invalidate a patent after it is issued. The respondents have furnished us with no case in point; and the only one which we have been able to find is Machine Co. v. Woodward, 53 Fed. 481, 483, where it is said that certain claims were invalidated by the fact that a foot treadle was enumerated as an element, the court observing that the treadle played

no part in the function of the combination. So, perhaps, it may be said that the screws or equivalent devices in the case at bar play no part in the function of the combination. But the proposition laid down by the court in the case referred to does not appear to have received particular consideration, and, as we have already shown, it is based on neither principle nor authority. It has been commonly said by the courts, as was said by Mr. Justice Curtis in Forbush v. Cook, 2 Fish. Pat. Cas. 668, Fed. Cas. No. 4,931, that it is not requisite to include in a claim, as elements thereof, all parts of the machine which are necessary to its action, so far as they may be understood and can be supplied by those who are ordinarily skilled in the art; and a careful examination of the cases ordinarily cited to the proposition that an enumeration of elements of that character invalidates a claim will be found to establish no proposition beyond that thus laid down. We must therefore hold that this unnecessary designation of the elements to which we refer does not invalidate the claim.

Another ground of defense is the common one of anticipation, and we have been referred to numerous patents with reference thereto. These are pressed on us, both with regard to the question of anticipation strictly, and also as showing such a state of the art as defeats any claim of patentable invention in the device at issue. We do not find it necessary to discuss individually the patents thus cited, nor to explain precisely how they bear on each of the topics referred to. It is sufficient to say that none of them anticipate all the elements found in the claim in issue, and none of them are capable of being operated or used in the manner in which complainant's device was intended to be operated and used, as clearly shown by the specification. This was in all respects the same as the method of use and operation of the moldings in connection with the concave casing built into their cars by the respondents, which we have already described. The result was a facility of inserting cards in such a way that, after being pressed back, they would rest smoothly and securely against the concave surface of the casing. These particular features appear in none of the alleged anticipatory matters, and are sufficient to distinguish the complainant's device from all of them. By combining what preceded the complainant, the result which he secured very likely could have been obtained; but this is not the test, as has been repeated over and over again by the courts. Packard v. Lacing-Stud Co., 16 C. C. A. 639, 70 Fed. 66, 68; Boston & R. Electric St. Ry. Co. v. Bemis Car-Box Co., 25 C. C. A. 420, 80 Fed. 287, 289. The same proposition was also well stated by Judge Lowell in Stewart v. Mahoney, 5 Fed. 302, 305, who at the same time added some observations which perhaps will illustrate the character of the invention in the case at bar. He said:

"I have examined the evidence and the arguments with care, and I am of opinion that there was both novelty and utility in the subject of the first claim, and that it has been infringed. Many chairs had been made that resembled the plaintiff's in many particulars, and which might easily have been so modified as to embody his invention; but they do not appear to have been so modified before his time. The question of novelty, including in that word the discovery or invention which will be sufficient to support a patent, is often a very

difficult one to decide. Invention often involves a new result, first thought of by the patentee; and in such cases the fact that the mechanical changes he has made are not difficult is often unimportant."

The question of utility must clearly be resolved in favor of the complainant. If there were any doubt about this, it would be entirely obviated by the fact that the respondents, in their carefully drawn specifications for the construction of the cars which are alleged to infringe complainant's patent, required in precise terms that they should be constructed "with Randall's patent advertising racks, built in." Novelty and utility appearing, we are compelled, on the evidence which we have with reference to the state of the art, to yield to the presumption in favor of patentable invention arising from the issue of the patent, or assume to have more practical knowledge of this limited and special subject-matter than we ought to assume. Packard v. Lacing-Stud Co., 16 C. C. A. 640, 70 Fed., at page 67; Boston & R. Electric St. Ry. Co. v. Bemis Car-Box Co., 25 C. C. A. 423, 80 Fed., at page 290.

The question of infringement presents no difficulties. The only possible ground of defense with reference to this branch of the case is the proposition that the patent covers only a portable rack, complete in itself, while the alleged infringing device is a part of the structure of the car. That this proposition does not address itself to the intelligent, practical mind, acquainted with the art, is plain from the reference we have already made to the specifications for building the cars. They describe the device as the Randall patent rack, although to be built in. Construing strictly, as we must under the circumstances, the complainant's claim in issue, yet every element of it is found in the cars of the respondent corporation. If, in drawing its specifications, it had intended to accomplish what would not infringe the patent, by requiring that the rack should be built into the car, this would have been clearly only an attempted evasion; but the case does not show that it had any such intention. The manner in which it framed its specifications indicates that it intended and understood that it was to obtain the complainant's device, whatever may have been the intention or understanding of the parties who built the cars which the respondent corporation operates.

Some other matters were called to the attention of the court, but they are clearly so unimportant that they do not require any expression of opinion from us.

The bill is filed, not only against the Newton Street-Railway Company, which controls the cars alleged to infringe, but also against the president and treasurer of the company. We do not perceive any such case made against these individuals as justifies us in holding them responsible in this suit. Therefore, unless the complainant discontinues as to them, with costs, the final decree will provide that the bill shall be dismissed so far as they are concerned. Let the complainant file a draft decree against the Newton Street-Railway Company for an injunction and an account, with the direction that, by the final decree, the bill shall be dismissed as against Coffin and Smith, with costs; such draft decree to be filed on or before the 4th day of September next, and corrections thereof to be filed on or before the 11th day of September next.