PATENT BUTTON CO. v. CONSOLIDATED FASTENER CO.

(Circuit Court, D. Maine. November 6, 1897.)

No. 501.

1. PATENTS—INFRINGEMENT SUITS—DEMURRER FOR WANT OF INVENTION.
   A patent will not be declared void, on demurrer to the bill for want of invention, except in an unusual case, and under circumstances enabling the court to clearly see that under no state of proofs which could possibly be suggested could patentability be shown.

2. SAME—JUDICIAL NOTICE.
   On a bill for infringement of the Platt patent, No. 520,999, for a device for driving and clinching tacks, *held*, that the court would not presume to have such judicial knowledge of the state of the art eight or ten years earlier (when the invention was made), in reference to so special a matter, as would enable it to declare the patent void on demurrer for want of invention.

This was a suit in equity by the Patent Button Company against the Consolidated Fastener Company for alleged infringement of letters patent No. 520,999, to Irving G. Platt, for a device for driving and clinching tacks. The cause was heard on demurrer to the bill for want of patentable invention.

George Cook and Richard Webb, for complainant.
Wm. B. H. Dowse, for defendant.

PUTNAM, Circuit Judge. This bill was brought for relief against alleged infringements of a patent for an invention. The respondent demurred to the·bill; assigning that the patent is invalid on its face, for lack of patentability. The patent relates to a device for driving and clinching tacks. The device consists of a tack holder, with a slot or recess suited to hold the·head of the tack, and a die adapted, by its peculiar form, to curl or clinch the point of the tack. The cloth and the button, or whatever is to be secured by the tack, interpose, of course, between the die and the tack holder. The patent in suit issued June 5, 1894; but the application was filed June 7, 1889. Of course, the invention may have gone back at least two years earlier than that, or to June, 1887; being fully 10 years prior to the filing of the demurrer. The specification describes the alleged invention as an advance on a prior device of the complainant for attaching buttons to fabrics, covered by an earlier patent than that in suit, and it describes in detail the improvements which it claims have been made. It may be that the earlier patent was such a departure from the state of the art as to involve ingenuity, and it may be that ingenuity was involved in returning back from the earlier patent to anything so near the state of the art as the patent in suit. In considering the case at bar, however, we have no occasion to travel those two roads; but we may look at the device now in suit, and compare it directly with the state of the art. Doing this, it must be admitted that it is difficult to perceive that the complainant can produce evidence which would satisfy a court that he brings it anything patentable. But the issue which we have to try, as the case now comes to us, is not one of fact, but of law, in the technical sense of the expression. We are not able to see that it differs in any respect from the issue which would be made if this suit had been one at common law, followed by a demurrer. Can this patent be adjudged invalid on an issue so raised? We had occasion to make some remarks on this topic in Industries Co. v. Grace, 52 Fed. 124; the opinion having been passed down in the Massachusetts district on July 28, 1892. We there said as follows:

"I am not aware that in this circuit the practice of demurring on the ground of the want of invention has obtained a footing. The mischief of permitting it unnecessarily is well pointed out by the reference of Judge Blodgett to the crop of demurrers which one of his decisions occasioned in the Northern district of Illinois. Manufacturing Co. v. Adkins, 36 Fed. 554. I am not able to ascertain that the practice of this character which exists in some of the districts has ever had the direct approval of the supreme court. The expressions in Brown v. Piper, 91 U. S. 37, frequently referred to, do not seem to go to that extent, as in that case there were a bill, answer, and proofs, so that the complainant had had full opportunity, and all possible facts were before the court. On such a record the court might with safety say that there was nothing on the face of the patent itself which could require its attention. In New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co., 137 U. S. 445, 11 Sup. Ct. 193, where the subject-matter was that of a design, the court overruled the demurrer on the merits, without either expressly condemning or approving the practice on this point. It is true, nevertheless, that in several districts this practice is sustained; and it is also

approved by Rob. Pat. § 1110, and by Mr. Gould's notes to Story, Eq. Pl. (10th Ed.) § 452. In Blessing v. Copper Works, 34 Fed. 753, Judge Shipman uses the following language: 'To decide, in advance of an opportunity to give evidence, that no evidence can possibly be given upon the question of invention which would permit the case to be submitted to the jury, seems to me to be ill advised, except in an unusual case.' This would seem especially so if the questions, not only of value and usefulness, but of novelty, are to be in any degree determined by what transpires subsequent to the issue of the patent, as was suggested in Magowan v. Packing Co., 141 U. S. 332, 343, 12 Sup. Ct. 71, and the Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, even with such qualifications as appear in McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, and Adams v. Stamping Co., 141 U. S. 539, 12 Sup. Ct. 66."

It is apparent that we did not in this case undertake to settle positively the precise question whether, having reference to the state of the art, an alleged invention could be held not patentable, for want of invention, on a demurrer to a bill framed in the usual form of a bill alleging infringement. Since that opinion was passed down, we have had, from the supreme court, Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, and Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, and 159 U. S. 477, 16 Sup. Ct. 53. Although in the earlier of these two cases the demurrer had been overruled in the court below, and the case came up to the supreme court, bringing, not only the demurrer, but also an answer and proofs, and although in the later of the two cases there was apparently sufficient on the face of the specification to enable the court to perceive, as a matter of law, that the alleged inventor had obtained a patent for a mere aggregation, yet we must accept the result of those cases as holding that the question of invention, although it may come in the form of a pure issue of fact, may, under some circumstances, be disposed of on demurrer. We are not, however, required to depart from the suggestion which we made in Industries Co. v. Grace, that, even if such an issue can be made on a demurrer, it can be only in an unusual case, and under such circumstances that the court could see clearly that under no state of proofs which could possibly be suggested could patentability be shown. Certainly no hypothesis is admissible which substitutes for a knowledge of the law, by which technical issues of law must be determined, a knowledge of the arts. "Judicial notice" is an expression used with some variation of meaning, according to the standpoint of each particular case. Its true significance is not infrequently confused, by reason of the fact that the courts do not always carefully distinguish in the respect to which we refer. When the court is disposing of an issue of fact, which at the common law is for a jury, it may properly extend judicial notice so as to embrace all those matters which a jury is entitled to take cognizance of without particular proofs, by reason of its representing the common knowledge of the community at large. It is undoubtedly in this sense that Lord Esher, in Attorney General v. Wright [1897] 2 Q. B. 318, 321, used the following language, having reference to the case then before the court of appeal, which brought in review the findings of a jury with reference to the right of mooring vessels on a particular foreshore. He there said as follows:

"It seems to me that it is the duty of judges to bring into force the knowledge that they have in common with all who are engaged in a particular busi-

ness, and that they should not shut their eyes, and affect not to know what everybody conversant with the particular business with which they have to deal knows."

When, however, we look at the same expression with regard to technical issues of law, it refers only to matters of fact of such kind that, according to common experienc, it is absurd to dispute them, or, to use the language of the text-books, of such character that, with reference to them, all corroborating evidence is dispensed with, and all opposing evidence is forbidden.   Such facts raise conclusive or absolute presumptions, and the presumptions are so absolute that although, accurately speaking, they are presumptions of fact, they conclude the court as effectually as though they were presumptions of law, and are usually described as such.   1 Greenl. Ev. §§ 14, 15.   We cannot bring our minds to dispose of an issue of this kind adversely to a patent on loose notions of the rules of judicial notice, or through any conclusions short of that raised by a state of facts of the decided character which we have explained.   We cannot presume to have such judicial knowledge of the state of the art ten years, or even eight years, prior to the filing of this demurrer, with reference to so special a matter as that to which this patent relates, as to enable us to foresee that no possible state of proofs can sustain it.   The bill alleges invention, and this raises primarily only a question of fact.   There is nothing in it, or on the face of any part of the patent, which modifies the character of this issue.   For example, there is nothing in the recitals of the specification to show that the patent issued for a mere aggregation.   The issue raised is purely one of invention or noninvention, and this with reference to such special and limited subject-matters that ordinarily they do not come within the range of universal experience or judicial knowledge. Packard v. Lacing-Stud Co., 16 C. C. A. 639, 70 Fed. 66, 67; Boston & R. Electric St. Ry. Co. v. Bemis Car-Box Co., 25 C. C. A. 420, 80 Fed. 287, 290; American Street-Car Advertising Co. v. Newton St. Ry. Co. (decided by the circuit court for the district of Massachusetts Aug. 6, 1897) 82 Fed. 732.   Demurrer overruled.   Respondent will answer on or before December rules, next.   Costs to abide the result of the suit.