ADAMS & WESTLAKE CO. et al. v. E. T. BURROWES CO.

(Circuit Court, D. Maine. March 22, 1899.)

No. 486.

1. PATENTS—WINDOW OR CURTAIN FIXTURES.
> The Crissen patent, No. 513,307, for window or curtain fixtures, covers a combination of novelty and utility, and is valid.

2. SAME.
> Westinghouse v. Boyden Co., 170 U. S. 537, 558, 18 Sup. Ct. 707, applied with reference to the words, "substantially as and for the purpose set forth," contained in the claim in issue in this suit.

This was a suit in equity by the Adams & Westlake Company and others against the E. T. Burrowes Company for the alleged infringement of letters patent No. 513,307, issued to George H. Crissen January 23, 1894, for window or curtain fixtures.

Frederick P. Fish, George H. Howard, and S. W. Bates, for complainants.

Elmer P. Howe, L. S. Bacon, and Symonds, Snow & Cook, for defendant.

PUTNAM, Circuit Judge. According to the specifications of the patent in suit, the invention in issue relates to applying diagonal squaring bands or cords to "window and curtain fixtures" in such manner that the "window or curtain" may be raised or lowered within the limits of the window-frame, with its "cross bar or bars" always horizontal, and so as to "remain at any height to which it may be moved." The claims, however, make no mention of a window, as distinguished from a curtain, and they use the word "window" only as a part of the compound word "window-frame." It is apparent that the inventor had more especially in mind curtains in use on open railway cars,—especially those of street lines. There are three claims, of which the first is as follows:

"(1) The combination of a window frame and curtain with a tube carried by the curtain and two cords, each connected to diagonally opposite corners of the window frame, and passing through the said tube and crossing the other cord, substantially as and for the purpose set forth."

Only one question of law is involved in the case. The curtain shown in the drawings attached to the letters patent is identified in the specification by the usual letter of the alphabet, and described as wound on a constantly acting spring roller, which roller is likewise identified by another letter of the alphabet. In this way, the words at the close of the claim, "substantially as and for the purpose set forth," connect themselves directly and expressly with a curtain wound on the spring roller described in the specification, and well known in the arts. It is maintained on the part of the complainants that the curtain named in the claim as an element of the combination must therefore be taken to be mounted on a constantly acting spring roller, precisely as though its detailed description had been, in terms, given therein. On the other hand, the respondent maintains that the claim must be considered as

covering every curtain, and that, therefore, as diagonal squaring bands were ancient in the art, the claim is too broad to be sustained. In meeting this question, it is not necessary to resort to any of those peculiar and somewhat artificial rules of construction which are sometimes assumed to be appropriate with reference to letters patents issued to inventors. The fundamental rules applicable to ordinary instruments solve the case. Here we have express phraseology, commencing with the closing words of the claim, connected through the specifications with the drawings, and therefore as effectual as though everything contained in the specification and drawings were set out in the claim. On the general and natural rules of construction, it is impossible to reject what is thus expressly inserted. The respondent relies on the fact that the specification contains the following language:

"In the drawings I have shown my invention as applied to a window-curtain, but it should be understood that my improvement is equally applicable to window-sashes, window-screens, &c."

Inasmuch as this portion of the specification expressly names window-sashes and window-screens, and another part, to which we have already referred, groups windows with curtains, the respondent maintains that the patent relates as well to window-sashes and window-screens as to curtains; that, in the practical arts, sashes and screens are not mounted on spring rollers, and that, therefore, the spring roller is necessarily eliminated from any construction which can be given the patent. There are several ways of meeting this proposition, even if the supposed facts on which it rests could all be established. One is that the expressions referred to are only of that class of additions sometimes made to specifications by patentees through an anxiety to cover adaptations not already a part of the practical arts, but which by possibility may become so. Another is that the specification was drawn more broadly than it was afterwards discovered the invention required, and the claims were put in proper form, without amending the specification in all its parts, to correctly fit them. But, however this may be, these references to windows, window-sashes, and window-screens are purely incidental and subordinate, and therefore they cannot control the express terms of the claim, in connection with the details of the specification and drawings to which we have referred. This is one of the common cases where clear language must prevail over doubts which may be incidentally raised.

The respondent relies on McCarty v. Railroad Co., 160 U. S. 110, 116, 16 Sup. Ct. 240; but that case concerned an element which was not mentioned in any form in the claim, and involved the rule of construction applied by the circuit court of appeals for this circuit in Watson v. Stevens, 2 C. C. A. 500, 51 Fed. 757, 762, and in Reece Button-Hole Mach. Co. v. Globe Button-Hole Mach. Co., 10 C. C. A. 194, 61 Fed. 958, 970, rather than that applicable to the case at bar. Our use of the latter is clearly approved in Westinghouse v. Boyden Co., 170 U. S. 537, 558, 18 Sup. Ct. 707. Even if McCarty v. Railroad Co. were not in harmony with the rule which we make use of, it must be held to have been superseded by the later case.

Accepting, then, the interpretation which the complainants put on the patent, to the effect that the curtain of the claim is one mounted as described in detail in the specification, the only debatable questions which remain are involved in the application to the proofs in the record of the rules in regard to patentable invention and anticipation found in Packard v. Lacing-Stud Co., 16 C. C. A. 639, 70 Fed. 66, 68, and National Cash-Register Co. v. Boston Cash Indicator & Recorder Co., 156 U. S. 502, 515, 15 Sup. Ct. 434, cited and applied by the circuit court of appeals for this circuit in Heap v. Mills, 27 C. C. A. 316, 82 Fed. 449, 453, 456. There can be no reasonable doubt of the novelty of the precise combination covered by the complainants' patent, or of its utility; and, as to the questions of invention and anticipation, it seems to us that, according to the trend of the decisions in this circuit, the proofs in this record, as applied to the rules stated in the cases cited, sufficiently support the complainants. As the proofs are of the same classes which are frequently discussed in suits on patents, and as we assume that, in view of the importance of the interests involved, they will be reviewed on appeal, we deem it of no advantage to undertake to analyze them in this opinion.

Some reference has been made to the differences in the letter of the three claims. We do not, however, understand that the respondent considers that it would obtain any advantage by relying on these differences; and, under the decisions of the circuit court of appeals in this circuit, we are satisfied it would be of no avail, in this case, to discriminate between them. The respondent also submitted a proposition to the effect that the complainants' device is a mere aggregation. We understand, however, that this proposition was submitted only on the theory that we sustained the respondent's construction of the patent. Certainly, on the construction which we give the patent, there is no support whatever to the proposition that it covers only an aggregation, as that word is properly understood. Let there be a decree, in accordance with rule 21, for an accounting and an injunction on all the claims of the patent, the question of costs being reserved until the final decree.