FABRIC COLORING CO. v. ALEXANDER SMITH & SON'S CARPET CO.

(Circuit Court, S. D. New York. May 24, 1901.)

1. PATENTS—INVENTION—DETERMINATION ON DEMURRER.
    Where it is claimed in the specification of a patent that the process therein described and covered by the claims is novel, and of great utility, and it is not clear that such process is, as claimed by defendant, merely a function of a mechanical device previously patented by another, a court is not justified in declaring the patent void on demurrer, but the patentee should be given the opportunity to sustain its validity by proof.[1]

2. SAME—PROCESS FOR COLORING YARNS.
    The Horack patent, No. 603,992, for a process for coloring yarns, is not so manifestly lacking in invention as to justify a court in declaring it void on demurrer.

In Equity. Suit for infringement of patent. On demurrer to bill.

H. D. Donnelly, for complainant.

Philipp, Sawyer, Rice & Kennedy, for defendant.

HAZEL, District Judge. The bill alleges infringement of claims 1, 2, and 4 of United States letters patent No. 603,992, issued to Charles L. Horack, and assigned to the complainant. The defendant demurs to the bill on four grounds: (1) That the complainant is not entitled to the relief prayed for; (2) want of equity; (3) that the claims referred to specify purely mechanical processes, involving no chemical or other similar elementary action; (4) that the bill does not aver that the letters patent sued on were not patented or described in any printed publication in this or in any foreign country more than two years prior to the alleged application for said letters patent, or that said alleged application was filed in the United States patent office prior to January 1, 1898. The patent in suit is for a process for coloring or printing yarns, and yarns more particularly used in the manufacture of tapestry and velvet carpets. The apparatus commonly used for coloring yarns consists of a drum around which the yarn is wound, and a color carriage, with color wheels so constructed and attached that, when in automatic operation underneath the drum, a narrow streak of color is applied to the yarn. The color carriage also carries devices for distributing the color and rubbing it into the yarn, so as to secure an approximately uniform coloring. This method may be carried out wholly or partly by means of hand appliances, or by the mechanical and automatic means referred to under the supervision of the operator. The patent at length describes the machine used to apply the coloring matter, the general features of which are old. It then refers to the United States patents of William Shaw, Nos. 514,282 and 543,512, in part describing the machine in operation, including the devices for spreading or distributing the coloring matter into the yarn. It is not necessary to specifically set out the claims of the Shaw patent, nor at great length the patent in suit. The defendant's claim is that there is no equity in the bill, and

[1] As to pleading in infringement suits generally, see note to Cardwell v. Powell, 19 C. C. A. 595.

that the alleged invention is a mere mechanical process, and properly the function of a prior machine, for which letters patent were issued to William Shaw. The principal difference between the operation of claims 1, 2, and 4 of the patent in suit and that of the Shaw patent No. 543,512 is as follows: The rubbers of the Shaw patent cover not only the whole of the streak being printed, but the entire previously printed streak. Thus all the color of interior streaks of a series is rubbed twice in opposite directions. In the operation of the claim sued on, the rubbers supplying the color to the yarn cover only a portion of the streak being printed and an adjoining portion of the previously printed streak, so that all the color of the interior streaks of a series is not rubbed twice in opposite directions, but only a larger part of it; a small portion of the width of each streak failing to receive the second rubbing. It is claimed by the complainant that in this alignment of spreaders or rubbers of the coloring matter a good result is accomplished; that by rubbing and re-rubbing the yarn by means of spreaders of single width advantages are obtained heretofore only secured by the employment of spreaders of double widths, and by this invention it is enabled to automatically rub and equalize single streaks, which cannot be accomplished with automatic spreaders of double width. While it is clear that a valid patent cannot be obtained for a process which involves nothing more than an operation of a piece of mechanism, or for the functions of a machine, yet the complainant ought not to be deprived of showing on the hearing that his process and devices are invention, thereby entitling him to the protection of the patent laws. The allegation of invention contained in the bill is one of fact to be determined in the usual manner upon the pleadings and proofs, unless the patent in suit be manifestly invalid upon its face. Richards v. Elevator Co., 158 U. S. 301, 15 Sup. Ct. 831, 39 L. Ed. 991. The complainant claims that the features of claims 1, 2, and 4 are novel and distinguishing features of the invention. The operation of coloring a streak of yarn involves chemical action, and by the means of rubbing and spreading portions of the yarn, and again subjecting other portions of the yarn previously rubbed with coloring matter to simultaneous rubbing, results with reference to all colors may be secured which could not otherwise be obtained. The patent in suit was granted on May 10, 1898. This carries with it prima facie evidence of patentability. The commissioner of patents is presumed to have had knowledge of the prior patents. I am not prepared to say that he erred in granting the patent in suit. Fastener Co. v. Webb (C. C.) 89 Fed. 982. There is substantial authority for holding that, where it is not clear to the court that on the face of the patent it is perceptibly devoid of invention or patentability, a demurrer for nonpatentability appearing upon the face of the patent should be denied. Blessing v. Copper Works (C. C.) 34 Fed. 753; Patent Button Co. v. Consolidated Fastener Co. (C. C.) 84 Fed. 189; Lyons v. Drucker (C. C. A.) 106 Fed. 416. The processes of rubbing the coloring matter into the yarn are claimed to be new, and the patent at great length specifies the requirements for proper treatment

to produce a beneficial result. Such a process, it has been held, may be patentable irrespective of the particular form or instrumentalities used. Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139; American Fibre-Chamois Co. v. Buckskin-Fibre Co., 18 C. C. A. 662; 72 Fed. 508; Melvin v. Thomas Potter Sons & Co. (C. C.) 91 Fed. 151; Eastern Paper-Bag Co. v. Standard Paper-Bag Co. (C. C.) 30 Fed. 63. The objection to the bill that it does not aver that the improvements claimed in the patent in suit were not patented or described in any printed publication in this or in any foreign country more than two years prior to the alleged application for letters patent is not tenable. The application for the patent in suit was filed October 29, 1897. This patent is not within the provisions of the act of March 3, 1897, which did not take effect until January 1, 1898. For these reasons the demurrer interposed herein is dismissed, with costs, with leave to defendant to answer within 30 days