FOUGERES *et al.* v. MURBARGER *et al.*

(*Circuit Court, D. Indiana.* December 12, 1890.)

1. EQUITY—PLEADING—MULTIFARIOUSNESS.
   A bill in equity seeking an injunction and the recovery of damages for the infringement of plaintiffs' patent, and also an injunction and damages for the publication of slanderous circulars concerning the patent, is multifarious, no good reason being shown why relief for the slander should not be sought in a court of law.
2. PATENTS FOR INVENTION—NOVELTY.
   Letters patent No. 334,842, for the improvement in anti-rattlers for thill couplings, consisting of a bent steel plate, which has been used before, with the addition of another plate, are void for want of novelty.

**3. SAME—PRACTICE.**
   Where, on demurrer to a bill for the infringement of a patent, it appears upon inspection of the letters patent that they are invalid on their face, the court can so pronounce them without proof.

In Equity.   On demurrer to bill.

*Cowgill, Shively & Pettit,* and *C. P. Jacobs,* for complainants.

*Foster & Freeman, Redding & Redding,* and *Griffiths & Potts,* for defendants.

WOODS, J.   The bill is multifarious.   The complainants seek to enjoin and to recover damages for infringing their patent, and also to enjoin and to recover damages for the publication of slanderous circulars concerning the patent, and their rights thereunder.   If entitled to relief at all, upon the facts stated, on account of the alleged slander, no good reason is shown why they should not seek it in a court of law.   See *Chase v. Tuttle,* 27 Fed. Rep. 110; *Kidd v. Horry,* 28 Fed. Rep. 773; *Car-Wheel Co. v. Bemis,* 29 Fed. Rep. 95; *International Tooth Crown Co. v. Carmichael,* 23 Ch. Legal News, 141; *Francis v. Flinn,* 118 U. S. 385, 6 Sup. Ct. Rep. 1148.

In respect to the alleged infringement, the question is whether or not the patent sued upon is, upon its face, void for want of novelty.   The patent in question is No. 334,842, for an improvement in anti-rattlers for thill couplings, of which the specifications and claim are of the tenor following:

"The object of my invention is the production of an anti-rattler for thill couplings, made of plate steel or other suitable elastic material, bent upon itself, and adapted to be inserted between the ears of the jack-clip, and having two curves or corrugations upon its face-front, one of which has a bearing against the thill-iron.   In the accompanying drawing, forming a part of

this specification, the figure is a perspective view of the anti-rattler embodying my invention.   A represents a steel or other suitable elastic plate, bent forward at *a,* and having a returning bend at *a'.*   The outer limb, B, is formed with a limb rib or corrugation, *b',* and has a curved portion, *c,* between *a'* and *b'.*   From *b'* to the end of the plate is a curve, *c',* adapted to fit against the back part of the thill-iron, and, by pressure against the same, prevent rattling, as is well understood.   To the forwardly projecting part, X, of the spring-plate, is secured by rivets, or in other appropriate manner, the plate, D, which forms a T-head, adapted to rest on top the ears of the jack-clip, thus preventing the spring from falling or working out in a downward direction, while the rib between the two curved portions, *c, c',* prevents it from working out in an upward direction.   By making the sharp return curves at *a',* the spring is easily inserted between the end of the thill-iron and axle-clip.   I am aware that anti-rattlers have heretofore been made of single plates of steel bent in various forms.   I therefore desire to restrict my claim to the specific device herein shown and described.

"What I claim is the anti-rattler for thill-couplings hereinbefore described, made of a steel or other elastic plate, with the sharp return-curve at *a',* the curved portions, *c* and *c',* and rib, *b',* in the outer limb thereof, and having

the back part bent forward at *a* to form the part, X, and with the plate, D, secured thereto."

With a distinct concession in the face of the patent that anti-rattlers had theretofore "been made of single plates of steel bent in various forms," it was insisted in argument that the claim of this patent for any feature of novelty must rest upon the introduction of the plate, D, in the manner and for the purpose indicated, and that this was not invention. On the other hand, after reciting the general averments of the bill in respect to invention and novelty "admitted by the demurrer to be true," counsel for the complainants says:

"And it can be shown, if the averments of the bill are true, that the improvement made by Blair was both new and useful, and involved invention. This was fully demonstrated to the patent-office officials, and they had the whole older art before them, when they allowed this claim."

But counsel made no suggestion how it was possible, in the face of the concession in the patent, to show any element of novelty or invention except the plate, D, and the court cannot see, and did not understand counsel to contend, that the introduction of that plate into the claim or combination could in itself be called invention. If it is possible, by specific averments beyond the general allegations found in the bill, to show that there was invention in this device, the bill may be amended for that purpose, but, as it stands, I do not think the defendants should be put to the trouble and expense of making proof. For cases upon demurrer to the bill, in which the courts have looked at the letters patent of which profert was made, and have held them invalid upon their face, see the following: *Bogar* v. *Hinds*, 25 Fed. Rep. 484; *West* v. *Rae*, 33 Fed. Rep. 45; *Studebaker Bros. Manuf'g Co.* v. *Illinois, etc., Co.*, 42 Fed. Rep. 52.

The demurrer is therefore sustained.