## TRAVERS v. HAMMOCK & FLY-NET CO.

(Circuit Court, E. D. Wisconsin. March 2, 1896.)

PROCESS PATENTS—VALIDITY—MECHANICAL PROCESS.

The Rood patent, No. 296,460, for "the art of making hammocks," which describes a method of forming the ends by drawing a cord straight through the end loops of the hammock body to form the converging strands, which are gathered into the suspension loop or eye, construed as a patent for a process, and as covering mere mechanical operations, so that it is void on its face for want of patentability. Locomotive Works v. Medart, 15 Sup. Ct. 745, 158 U. S. 68, and Glass Co. v. Henderson, 15 C. C. A. 84, 67 Fed. 935, applied.

This was a suit in equity by Vincent P. Travers against the Gem Hammock & Fly-Net Company for alleged infringment of two patents relating to the art of making hammocks. Defendant demurs to so much of the bill as relates to patent No. 296,460, issued April 8, 1884, to Albert O. Rood, assignor to the complainant.

Figs. 4, 5, and 6 of the drawings accompanying the patent are diagrams showing different stages of progress in the manufacture of hammock ends, and Fig. 3 is a top view of a hammock having one of its ends finished and the other in process of construction.

The specification states:

This invention has for its object to simplify the mode of constructing hammocks, and particularly the ends thereof, which are the parts of hammocks containing the converging threads and the suspension eyes or loops. The invention consists, principally, in forming the hammock-body with loops in the ends thereof in any known manner; in then forming each end of the hammock by drawing a cord, from which

the converging strands are to be made, through the loops at the ends of the hammock-body in a straight line, and in then drawing this thread from between said loops, forming of it the converging strands of the hammock end, and finally uniting these strands into a terminal eye, all as hereinafter more fully described and claimed.

## The two claims of the patent read as follows:

(1) The art of making hammocks which consists in forming the hammock-body with loops, b, b, in the ends thereof, in any known manner, then forming each end of the hammock by drawing the cord, E, from which the hammock end is to be made, in a straight line through the end loops, b, b, of the hammock-body, and in then drawing said cord from between said end loops, b, b, forming of it the converging strands of the hammock end, and in finally uniting these strands into a terminal eye, i, substantially as herein shown and described.

(2) The art of making hammocks, which consists in forming the hammock-body with loops, b, b, in the ends thereof, in any known manner, then forming each end of the hammock by drawing the cord, E, in a straight line through the loops, b, b, that are at the ends of the hammock-body, D, in then drawing this cord out from between the end loops, b, and holding it temporarily, in then coiling or winding the outer part of this cord, and in then forming from this coiled or wound portion the eye, i, at the end of the hammock, substantially as herein shown and described.

Winkler, Flanders, Smith, Bottum & Vilas, for complainant.

Benedict & Morsell, for defendant.

SEAMAN, District Judge. The bill of complaint alleges infringement, respectively, of two letters patent, viz.: First, No. 277,161, issued May 8, 1883; and, second, No. 296,460, issued April 8, 1884. Demurrer is interposed to so much of the bill as relates to the latter patent, No. 296,460, on the ground that the patent is for a process, and is void upon its face. This patent contains two claims of similar nature, and each stated as for "the art of making hammocks." I think each clearly states a process under the definitions of the patent law; that it involves merely mechanical operations without any chemical action or the operation of natural elements; and that, therefore, the process is not patentable under the rule held in Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, and Glass Co. v. Henderson, 15 C. C. A. 84, 67 Fed. 935. The question is clearly presented upon the face of this patent, and it does not seem to me that aid can be furnished by extraneous or expert testimony. Therefore it is well raised by demurrer, and will thus reach a final determination in the best method for all concerned. The demurrer is sustained.