BLAKESLEY NOVELTY CO. v. CONNECTICUT WEB CO. et al.

(Circuit Court, D. Connecticut. January 12, 1897.)

1. PATENTS—INVENTION—PROCESSES.
    The origination of a process employing well-known instrumentalities upon old objects to accomplish a better result, without any change or adaptation, except by skillful manipulations, is not patentable invention.

2. SAME—METHOD OF MAKING ARMLETS.
    The Blakesley patent, No. 411,416, for a method of making armlets, is void, as applying an old process to an old material, already used for analogous purposes.

This was a suit in equity by the Blakesley Novelty Company against the Connecticut Web Company and Louis Neuberger for alleged infringement of a patent.

John J. Jennings, for complainant.
Knight Brothers, for defendants.

TOWNSEND, District Judge. The complainant herein, aggrieved by alleged unfair competition, through simulation of its packages, and manufacture of inferior imitations of its armlets, has sought redress by this bill, alleging infringement of the first claim of patent No. 411,416, for a "method of making armlets," granted September 24, 1889, to its assignor, Gilbert H. Blakesley. Said claim is as follows:

"A method of working up elastic stock, composed of rubber strands and a fibrous envelope therefor, into short sections, bound at each end; consisting in binding the free ends of the rubber and fiber together, then stretching the stock, then binding the stretched rubber and fiber together again at two closely-adjacent points, and then cutting the stock between such points, substantially as set forth."

The patentee, in his specification, describes the kind of braid-covered rubber core best adapted for making armlets, and, in his drawings, illustrates his method of clamping, then stretching it over a pin, and, while it is thus under tension, of applying the other arm of said clamp or ferrule to it at a point suited to the purpose for which said material is to be adapted, and of then applying one arm of another clamp or ferrule, adjacent to the first clamp or ferrule, in the mode originally employed for said first clamp or ferrule. The defenses are invalidity, because the method described represents an uncompleted act, and because the patent fails to disclose any such method or process as is the proper subject of a patent, because of anticipation, or lack of patentable novelty in view of the prior art, and noninfringement. It is unnecessary to consider all these defenses. It is claimed that the patent is void as covering "operations which consist entirely of mechanical transactions involving a mere process or method of making an article, by ordinary manipulations." Travers v. Fly-Net Co., 75 O. G. 678, 78 Fed. 638. The patent is not for a mere function of a machine, within the rule laid down in Corning v. Burden, 15 How. 252, and affirmed in Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745. The patentee has not invented a machine for the more perfect manufacture of his product. But he has applied a series of manipulations to a braid-covered rubber core, and by means thereof has produced a better armlet than was previously made. In what classes of cases, if any, such mere mechanical transactions may be the subject of a valid patent, is not definitely determined by the decisions. Walk. Pat. (3d Ed.) § 3a. In this circuit, Judge Wallace, in Brainard v. Cramme, 12 Fed. 621, in Excelsior Needle Co. v. Union Needle Co., 32 Fed. 221, Judge Wheeler, in McKay v. Jackman, 12 Fed. 615, and Judge Coxe, in Gage v. Kellogg, 23 Fed. 891, have adjudged processes of this character void, and their decisions are cited and approved by the supreme court in Locomotive Works v. Medart, supra. It is well settled that a prior patent for a machine whose operation necessarily involves the production of, or is identical with, a process, will invalidate a subsequent patent for said process. Fermentation Co. v. Koch, 21 Fed. 580; Excelsior Needle Co. v. Union Needle Co., supra; Rob. Pat. p. 257. But here the process only is patented, and it involves something more than the operation of a machine. It is a compound process, whose individual operations are old, individually, and in relation to the other operations. In such a case I understand that there may be invention, if there is such a change in the method or arrangement of operations as involves invention, and produces a new and useful result. Thus, in Schwarzwalder v. Filter Co., 13 C. C. A. 380, 66 Fed. 157, the patentee described a method for the purification of water by the application of previously known processes simultaneously, instead of successively, and thereby secured a result which was both new and useful, and his patent was sustained. In so doing, however, he discovered what no one had previously known, namely, that the desired result could be produced in this way. In the case at bar, had the patentee first discovered that the

requisite grip on rubber, in order to insure a firm hold, could be secured by stretching it, he might, perhaps, have brought himself within the rule. But this fact had long been well known and applied in the general field of practical arts. The steps in the process of the patent consist first in fastening the ends of the rubber and fiber together by a clamp so that the one when stretched should not retreat from the other. This operation, accomplished by the defendants by a knot, is merely a well-known mechanical operation. The same may be said of the second operation, of stretching the material at a suitable point; and of the third, of applying the clamp. I have not overlooked the arguments based upon the manifest utility and commercial success of the completed article. But utility and commercial success only turn the scale when the question of invention is doubtful. The patentee has applied these old processes to an old material, already actually used for analogous purposes, and has therefore produced a better armlet. That the various steps in the process are old is practically admitted by the patentee, is matter of common knowledge, and, in the light of said admissions and of common knowledge, is sufficiently proved by the testimony and exhibits introduced by defendants. Inasmuch as the process involves merely the use of well-known instrumentalities upon old objects to accomplish the better result, without any change or adaptation except by means of skillful manipulations, I conclude that the claim is void. It is therefore immaterial that defendants deny infringement, and that complainant has failed to satisfactorily meet defendants' evidence in their proofs, and, from their practical operations on final hearing, that the stretching process is not necessary, and is not used, in the manufacture of their product. Let the bill be dismissed.