### BALLOU v. EDWARD A. POTTER & CO.

(Circuit Court, D. Rhode Island. July 22, 1898.)

#### No. 2,549.

1. PATENTS—INFRINGEMENT SUITS—DEMURRER FOR WANT OF PATENTABILITY.
   A patent will not be declared void for want of invention on demurrer to the bill, unless it seems clear that under no possible state of proofs could invention be shown.

2. SAME—MANUFACTURE OF SAFETY PINS.
   The Ballou patent, No. 380,380, for an improvement in the manufacture of safety pins, is not so manifestly lacking in invention as to warrant the court in adjudging it void on demurrer to the bill.

This was a suit in equity by Barton A. Ballou against Edward A. Potter & Co., for alleged infringement of letters patent No. 380,380, issued April 3, 1888, to complainant, for an improvement in the manufacture of safety pins. The cause was heard on demurrer to the bill.

Warren R. Perce, for complainant.

Wilmarth Thurston and Charles A. Wilson, for respondent.

BROWN, District Judge. The defendant demurs to the bill, assigning the following causes:

"(2) That the letters patent issued to Barton A. Ballou, for improvement in the manufacture of safety pins, No. 380,380, dated April 3, 1888, infringement of which is charged in said bill of complaint, is wholly void upon its face for want of patentable novelty and invention.

"(3) That said letters patent does not upon its face disclose any patentable novelty or invention over and above what was, long before the alleged invention of the said Ballou, within the common and general knowledge of the public, of which the court will take judicial notice, and that for this reason said letters patent is wholly void upon its face.

"(4) That said letters patent is for a process of manufacture, and is upon its face for a process which involves nothing but mechanical operation or function of certain machines, apparatus, or devices, and is therefore upon its face for a process which is not patentable under the law, and is wholly unwarranted by law, and void upon its face."

The claim is as follows:

"The improved process of manufacturing safety pins herein described, consisting in forming the central portion of the wire blank into a body portion, a, by a die and plunger, swaging one end of the wire to give it a longitudinal groove, reducing, elongating, tempering, and pointing the opposite end of the wire by cold-swaging dies, and bending the ends so as to make them engageable with each other, substantially as specified."

The defendant argues, first, that, each of the operations being old and well known, there is no invention in performing all of the operations upon one and the same piece of wire for the reason that there is no co-relation or co-operation between the several operations. The complainant contends that, as a matter of fact, there is such co-operation. I do not think that the court would be justified in finding that under no possible state of proofs can invention be shown in this case. Patent Button Co. v. Consolidated Fastner Co., 84 Fed. 189.

Secondly, the defendant contends "that, even if said patent discloses any invention, it does not disclose anything which is patentable as a process." The case of Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, does not seem conclusive on this point. The patent is not for the mere function of a machine, but for a process which possibly may be regarded as a compound process, whereby there is given to a wire blank certain related properties of elasticity and temper, as well as a certain shape. Blakesley Novelty Co. v. Connecticut Webb Co., 78 Fed. 480. In that case it was said by Judge Townsend, of a compound process:

"In such a case I understand that there may be invention, if there is such change in the method or arrangement of operation as involves invention, and produces a new and useful result."

Conceding that each of the operations was old, the question is whether, by any possible state of proof, the complainant can show that his combination or series of operations is new, and produces a new result constituting an invention. See Cochrane v. Deener, 94 U. S. 780, cited in Locomotive Works v. Medart. While I am of the opinion that the question of patentability is doubtful, and that there is much force in the suggestion that there is merely aggregation rather than a true combination, it seems to me that upon each cause of demurrer there arises a question of invention which may possibly turn upon evidence, and that, in view of the rule that a demurrer for want of invention should be sustained only in very clear cases, and that

doubts should be resolved against the defendant, the question of the validity of the patent should be reserved for final hearing. Demurrer overruled. Question of costs reserved.