LYONS v. DRUCKER et al.

(Circuit Court of Appeals, Second Circuit. January 8, 1901.)

No. 17.

**1. PATENTS—SUITS FOR INFRINGEMENT—STATEMENT IN SPECIFICATION AS TO PRIOR ART.**

When a patentee has practically disclaimed other devices by stating in his specification that they existed before his own was contrived, such other devices may fairly be considered to be a part of the prior art in a suit upon his patent.

**2. SAME—INVENTION—DETERMINATION ON DEMURRER.**

Where it is claimed in the specification of a patent that certain improvements embodied in the device shown are novel and of great utility, and they are not disclosed in the prior art so far as the court can take judicial notice of it, the patentee should be given the opportunity to show that his device has been so received by the public as to indicate that it has the merit claimed, and should not be declared void on its face.

**3. SAME—HAT BOXES.**

The Lyons patent No. 573,789, for improvements in hat boxes and trunks, describes a device not so obviously lacking in invention as to warrant the court in declaring the patent void on its face.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decree of the circuit court, Southern district of New York, dismissing bill in equity. The suit was brought upon letters patent No. 573,789, issued to complainant December 22, 1896, for improvements in hat boxes or trunks. Demurrer was interposed on the ground the "letters patent are void for want of invention apparent on the face of the patent, in view of the common knowledge of people throughout the country, of which the court can take judicial notice." Demurrer was sustained, and bill dismissed.

J. Nota McGill, for appellant.

Geo. J. Murray, for appellees.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The bill makes profert of the letters patent, which are, of course, before the court for consideration upon demurrer. The specification recites that the invention contemplates certain new and useful improvements in hat boxes or trunks, and has special reference to the rests or supports for the hats or bonnets. After referring to the perishable character of ladies' hats or bonnets, and the necessity of securing them against movement, it proceeds:

"It is also well known that the rests or supports for hats or bonnets, as heretofore constructed, are usually of fragile material, and not of sufficient tenacity to allow of the use of an ordinary hat pin as the securing medium, and when tapes or the like are used for holding the hats in place the latter are liable to be damaged or injured to a greater or less degree. The principal object of my invention is to provide a box or trunk with a plurality of hat or bonnet supports, so arranged that several hats or bonnets may be easily and conveniently stored or packed within the box or trunk in a manner that will insure against damage or accident by reason of their becoming loose or jolting in

traveling. A further object is to provide an improved rest for a hat or bonnet having substantially the shape of the upper part of the human head, and to which a hat or bonnet may be secured at any point by the insertion of an ordinary hat pin. The first object I accomplish by providing a box or trunk with a plurality of rests or supports, one extending inwardly from each of the sides and from the top and bottom of such box or trunk in such way that, with a hat or bonnet secured on each and all of these rests, the crowns or trimmings of all of them will be nested together in the center of the trunk, thus minimizing space, and each hat serving to help retain the other in position. The second object I accomplish by forming each rest or support of buckram in the shape of the fragment of a spheroid, so as to present a smooth, convex, continuous surface, allowing of the insertion of an ordinary hat pin at any point. * * * [After referring to the drawings, the specification proceeds thus:] Each support, B, is made of buckram shaped over a form. It is thus very light, and does not add appreciably to the weight of the box or trunk. I use buckram on account of its lightness and cheapness, the ease with which it can be shaped, and its stiff yet elastic quality, which causes it to retain its form. Buckram is composed of two or more layers of tough linen or heavy fabric glued together. A piece of this material is dampened, another piece of similar coarse glue-sized fabric is placed upon it, then a piece of material which is used for lining the trunk or other receptacle. The three are glued together, and then the whole is pressed into shape with hot dies. The support thus made is then secured in position. Each support has a smooth unbroken convex surface especially well adapted to receive and hold a hat or bonnet. The penetrable nature of my buckram support, moreover, allows a common hat pin to be thrust through the bonnet and support at any point, securing them together in precisely the same manner as a bonnet is secured to the hair of the wearer. When thus secured, no amount of shaking or tossing about of the box or trunk can loosen the hat or bonnet from its support, and the shape of the support is such that it preserves the shape of the hat or bonnet perfectly. As above stated, each support is made up of a series of layers or thicknesses of fabric, the inner layers being of tough linen or heavy textile material glued together, all of which and the outer covering (which also forms the lining for the trunk) are penetrated by the insertion of a securing pin; the inner layers serving, by reason of their tenacity and elasticity, to firmly bind or hold the pin in place. In consequence, when the pin is withdrawn, the inner layers of material, being of a springy or elastic nature, will close up the openings made by the pin, thus not weakening the stability of the rest or support, no matter how often the pin may be inserted at the same point, and insuring the holding of the pin in position. Of course, the conformation and size of the support can be varied to suit the taste of the purchaser or the style of the bonnet. I am aware that hat boxes have been provided with cylindrical or frusto-conical rings of pasteboard or paper or stiff gauze, or gauze stiffened with wire, to support the hat or bonnet placed therein; but such supports are objectionable because they do not afford a firm rounded support for the top of the bonnet, and therefore do not tend to preserve its shape. Moreover, they utterly fail to hold a hat pin securely, especially after the pin has been inserted into the support a number of times. Buckram being a textile material, it has an advantage over paper and pasteboard, because it is tough and durable. It will not tear, and is springy and elastic when it has the dome-like form above specified. Consequently, if crushed, it easily resumes its original form, which would not be the case with either paper or pasteboard or gauze. It is not spoiled by use for years, as the holes made by the piercing of a pin do not injure it as they do pasteboard or paper or gauze, rendering them useless in a very short time, on account of one pinhole running into the other. A jar, the jolting of a train, or rough handling in travel will not cause the hole made by the piercing of a pin in buckram to become larger, and allow the pin to drop out, because the buckram is so fine, strong, firm, and tenacious, by reason of the gummy substance it contains. Consequently, no matter how heavy a lady's hat may be, when attached with a pin or pins to the buckram rest there is no fear of its becoming loose, or getting detached, and in consequence getting knocked against the sides of the hat box, which would in all probability be the case with either paper or paste-

board or gauze. ·Buckram is readily pierced with a pin, but pasteboard is difficult to pierce, so much so that the fragile delicate materials of a lady's hat would be easily destroyed in the effort. Paper and gauze, though easily pierced by a pin, are as easily torn by the pin that pierces them.   *   *   * The advantage of the shape of my hat rest is that no other shape of rest could hold a lady's hat pinned to it as firmly and securely, and no other shape of rest could preserve uninjured the underneath or pendent trimmings of feathers, flowers, ribbons, and ornaments of the present fashion for a lady's hat as my form of rest. These underneath decorations rest upon it as they would when on a lady's head. Moreover, the smooth unbroken convex surface affords complete support to the bonnet at all points, and permits the hat pin to be thrust in wherever it is most desirable, even directly in the middle of the crown. The open-topped supports heretofore used do not sustain the crown of a hat or bonnet, and do not afford the same facilities for securing it which my support possesses. A support made of gauze stiffened with wire is entirely impracticable, not only because the gauze will not hold the hat pin, but because the wire will soon rust and discolor the hat, while any blow tends to bend the wire and destroy the shape of the support. Moreover, the wire frame offers hard lines and projections, which tend to injure a delicate bonnet. The great advantages of my buckram support are its smooth unbroken convex surface, its tenacious hold upon a hat pin, its practical indestructibility, its great tendency to retain its shape, even with hard usage, and its freedom from anything which might injure the hat or bonnet. The advantages of providing the box or trunk with a plurality of rests or supports are apparent. In the first place, several hats can be conveniently packed for storage or shipment, and, the tops or crowns of all the hats being presented towards the center of the box or trunk, all the top trimmings are brought together, and each hat or bonnet aids in preventing the others from moving, or in any way being torn by strain· on the holding pins."

The claims are as follows:

"(1) A hat box or trunk having a lining provided with a rest or support composed of an inner textile material of a springy or elastic nature, such as buckram, and an outer covering of a less resilient nature, as set forth.    (2) A hat box or trunk having a lining provided with a rest or support composed of inner layers of textile material of a springy or elastic nature, such as buckram, and an outer covering of a less resilient nature, said covering and inner layers being glued together and shaped into the desired form, substantially as set forth.    (3) A· hat box or trunk having a rest or support composed of inner layers of textile material of a springy or elastic ·nature, such as buckram, and extending from a base, and an outer covering of a different degree of elasticity glued to said rest or support, and forming the lining or covering for said base, as set forth.    (4) The combination, with a receptacle for head gear,· of à hat or bonnet support extending from a base, with which it is made integral, and composed of layers of springy or ·elastic fabric glued together, and an outer covering of a different degree of elasticity, also glued thereto, the latter forming the lining or covering for said base, substantially as set forth.    (5) A hat box or trunk having a lining provided with a plurality of rests or supports, extending inwardly from and integral with said lining along the sides, top, and bottom of such box or trunk, and an outer covering for said rests or supports, each of said rests or supports having an inner portion of textile material of greater resiliency than said covering, as set forth.    (6) A hat box or trunk having its walls provided with a lining or covering bulged or shaped at one or more points to form a hat or bonnet support, each support having a series of layers of springy or ·elastic material, such as buckram, glued together and covered by said lining, which latter is of a different degree of resiliency from that of said series of layers, substantially as set forth."

It is contended by appellant that the court below erred in disposing of the demurrer upon the assumption that the state of the art was as set forth in the specifications; Fiber Company v. Grace (C. C.) 52 Fed. 124, being cited in support of such contention. That decision, however, is opposed to the great weight of authority. Fou-

geres v. Murbarger (C. C.) 44 Fed. 292; Studebaker Bros. Mfg. Co. v. Illinois Iron & Bolt Co. (C. C.) 42 Fed. 52; Button-Fastener Co. v. Schlochtmeyer (C. C.) 69 Fed. 592, same on appeal, 18 C. C. A. 674, 72 Fed. 520. When a patentee has practically disclaimed other devices by stating in his specifications that they existed before his own was contrived, such other devices may fairly be considered to be part of the prior art when he brings suit upon the patent issued to him upon the representations made in such specifications.

A careful study of the great mass of words with which the drafts- man of the patent seems to have sought to magnify the invention shows how extremely slight is the improvement upon which com- plainant relies, and, if the only question here presented were the substitution of buckram for paper or wire gauze as the material for a hat support, we would be strongly inclined to sustain the circuit court in its conclusion that, in view of the decisions in Baldwin v. Schultz, 9 Blatchf. 494, Fed. Cas. No. 804, and Same v. Bernard, 9 Blatchf. 509, Fed. Cas. No. 797, it must be taken as a matter of common knowledge that bonnet frames could be securely and without injury fastened by a hat pin thrust through a buckram frame, and therefore the use of the same material for a bonnet support not patentably novel.

There are, however, two other alleged improvements. The only form of hat support known to the prior art, as disclosed by the speci- fications, was a cylindrical or frusto-conical ring of pasteboard or paper or gauze, stiffened with wire or otherwise. The patentee sub- stituted a dome-shaped support, which will more completely contact with the interior of the hat. So far as the specifications disclose, there was, prior to the patentee's, no hat box containing a plurality of supports, so arranged that, when closed, the hat on each support would tend to keep the others in place. We are not prepared to hold, without proof, that it is matter of common knowledge that boxes containing such plurality of supports were well known. As- suming that the patentee was the first to make hat supports with a domed top and to arrange several of them in a single box, his im- provement is nevertheless a very narrow one. Still, as we held in Beer v. Walbridge, 40 C. C. A. 496, 100 Fed. 465, he should have opportunity to show, if he can, such a reception by the public as would indicate that his improvement met a long-felt want, and thus possibly sustain the inference that he discovered what others skilled in the art had sought for and failed to find.

The decree is reversed, and demurrer overruled, with costs of this appeal. Leave to answer upon payment of costs to date in circuit court.