### NEIDICH v. EDWARDS.

(Circuit Court, E. D. Pennsylvania. April 2, 1909.)

#### No. 181.

1. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—DEMURRER TO BILL.

A patent will not be held invalid, on demurrer to a bill for its infringement, unless the court is entirely satisfied from its face that by no possible proof can patentable invention and validity be made to appear.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 536, 538; Dec. Dig. § 310.*]

---

**2. PATENTS (§ 328\*) — VALIDITY — METHOD OF ASSIMILATING PRINTED AND TYPEWRITTEN WORK.**

The Neidich patent, No. 640,013, for a method of assimilating printed and typewritten work, *held* not void on its face.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.\*]

In Equity. On demurrer to bill.

Howson & Howson, for complainant.

Robert M. Barr, for defendant.

HOLLAND, District Judge. This is a suit on a patent for a process of making imitation typewritten letters, wherein the body of the letter is printed on a printing press and the address on a typewriter. The patent in suit is No. 640,013, granted December 26, 1899, to Samuel A. Neidich, and bears the title of "Method of Assimilating Printed and Typewritten Work." The defendant has filed a demurrer to the bill, averring that the patent set forth therein is absolutely void on its face, for the reasons: (1) That it is not for a patentable invention, but simply an obvious adaptation of what, years before the date of the application, was common printing practice, within the judicial knowledge of the court; (2) because there is a fatal variance between the process set out in the claims; and (3) because it is simply a mechanical operation, the function of mechanism.

We are very forcibly reminded of the importance of observing the rule that a patent is not to be held bad on demurrer unless the court is entirely satisfied, from the face of the patent, that by no possible proof can patentable invention and validity be made to appear, by the fact that in this district, in the case of Hogan v. Westmoreland Specialty Co. et al., 154 Fed. 66, 83 C. C. A. 178, in which the Circuit Court of Appeals of this circuit reversed the decree of the Circuit Court on demurrer (145 Fed. 199), which decree found the patent for a salt dredge, having a celluloid cap, bad on its face for want of patentability, and when this case came on to final hearing upon answer and proofs the patent was held valid by the Circuit Court (163 Fed. 289), and this decree has recently been affirmed by the Circuit Court of Appeals (167 Fed. 327). The history of that case shows how necessary it is to act with the greatest caution in the disposition of a demurrer to a bill filed for infringement of a patent. Yet, where it plainly appears that by no possibility can proof be produced to show the patentability of the invention, the court will sustain the demurrer. A demurrer based on the same ground, lack of patentable invention appearing on the face of the patent, in a suit brought upon this same patent, was overruled in the Circuit Court of the United States, by Judge Coxe, in the Southern district of New York, in Neidich v. Fosbenner et al., 108 Fed. 266. In overruling the demurrer Judge Coxe said:

"The defendants demurred on the ground that the patent on its face is void for want of patentable novelty. Unless the court is satisfied that by no possibility can the complainant succeed, the suit should not be dismissed in this summary manner. It is true that upon the face of the patent there is plausibility in the argument that the method covered by the claims involved

only simple changes in the printer's art, within the knowledge of every skilled workman; but it is also true that the complainant may be able to produce testimony which will convince the court that invention was involved. That this may be done is enough. The demurrer must be overruled upon the following authorities: New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co., 137 U. S. 445, 11 Sup. Ct. 193, 34 L. Ed. 741; Ballou v. Edward A. Potter & Co. (C. C.) 88 Fed. 786; Electric Vehicle Co. v. Winton Motor Carriage Co. (C. C.) 104 Fed. 814; Industries Co. v. Grace (C. C.) 52 Fed. 124; Beer v. Walbridge, 40 C. C. A. 496, 100 Fed. 465; American Fibre Chamois Co. v. Buckskin Fibre Co., 18 C. C. A. 662, 72 Fed. 508; Bottle Seal Co. v. De La Vergne Bottle & Seal Co. (C. C.) 47 Fed. 59; Krick v. Jansen (C. C.) 52 Fed. 823; Lalance & Grosjean Mfg. Co. v. Mosheim (C. C.) 48 Fed. 452; Lyons v. Drucker, 106 Fed. 416, 45 C. C. A. 368."

It is, however, now urged that the patentability of the invention is attacked for different reasons than those urged before Judge Coxe; but this contention can only be sustained by bringing into the consideration of the question matters dehors the record, and in a demurrer this will not be permitted.

The demurrer is overruled, with leave to answer.