NATIONAL CASKET CO. v. STOLTS.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 62.

1. Equity (§ 241*)—Suit for Infringement—Demurrer to Bill—Hearing.
   On demurrer to a bill for infringement of a patent, the court cannot consider testimony given in a prior case and not in the record.

   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 515; Dec. Dig. § 241.*]

---

2. PATENTS (§ 328*)—VALIDITY—FACE-PLATE FOR BURIAL CASKETS.

The Hamilton reissue patent, No. 12,750 (original No. 619,567), for a face-plate for burial caskets, is not void on its face.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the National Casket Company against Julius W. Stolts, as president and treasurer of J. & W. Stolts, an unincorporated joint-stock association. Decree dismissing bill on demurrer, and complainant appeals. Reversed.

On appeal from a decree of the Circuit Court for the Southern District of New York, dismissing the bill on demurrer. The bill alleges the infringement of reissued letters patent, No. 12,750, for a face-plate for burial caskets, dated February 11, 1908, to William Hamilton, deceased, assignor to the complainant. Decisions in the former litigation based upon the original patent will be found reported in 127 Fed. 158; 135 Fed. 534, 68 C. C. A. 84; 153 Fed. 765; and 157 Fed. 392, 85 C. C. A. 300.

Charles H. Duell, Frederick P. Warfield, and Holland S. Duell, for appellant.

Arthur v. Briesen and Hans v. Briesen, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. As the case is now before us upon demurrer we can only consider the bill, the demurrer and the original and reissued patents, profert of both being made by the complainant. The defendant's argument proceeds upon the theory that the issue between the parties is res judicata. The third ground of demurrer alleges:

"That it appears from the bill of complaint that the issues raised in the present suit have been tried and disposed of by this court and that said prior adjudications constitute res judicata of all the issues of the present suit."

We are unable to find such an averment in the bill. It is true that it alleges that for seven years prior to November, 1907, there was almost constant litigation between the parties and that at the date last mentioned the complainant was first informed by this court that the original patent was inoperative and void for failing to claim the invention with the requisite certainty and accuracy, and for the further reason that the inventor claimed more than he had a right to claim. This falls far short of an averment or admission that the issues presented by the bill have been decided adversely to the complainant. The records in the former litigations are not before us and cannot be introduced upon the issue presented by the bill and demurrer. The demurrer admits what the bill alleges but the bill does not allege that the original patent was held invalid because of lack of patentability.

The courts may, of course, in considering a demurrer, take judicial notice of matters within the common knowledge of the people, but we have grave doubt whether we are justified in considering the testimony and exhibits produced before us at an argument which took place two years ago. Even if we were permitted to consider face-plates for burial caskets as matters of common knowledge, we are not sufficiently

familiar with their details to justify us in considering the art prior to Hamilton's application, in the absence of exhibits and testimony identifying and explaining them. The evidence of the witness who testified to a prior use in the suit on the original patent may be decisive of this case also, but his testimony is not before us and it would, we think, be establishing a dangerous precedent were we in aid of a demurrer to resort to testimony not in the record.

We cannot say upon the face of the reissued patent alone that it fails to disclose a patentable invention. Neither can we say that the reissue is illegal.

It is, of course, important that litigation should not be unnecessarily protracted, but as the appellant offers to stipulate into the case at bar the proofs adduced in the former case, it is manifest that without serious delay or expense all the questions discussed can be presented upon a record which leaves no doubt as to the right of the court to consider them.

The decree is reversed with instructions to the Circuit Court to enter an order overruling the demurrer with permission to the defendant to answer within 20 days.