HAVENS et al. v. W. R. OSTRANDER & CO.

(Circuit Court, S. D. New York. May 31, 1911.)

1. PATENTS (§ 328*)—DESIGNS—BRANCH BOX FOR ELECTRIC WIRES.

The Havens design patent, No. 39,767, for a design for a branch box for insulated electric wires, is not void on its face, because the article is not a proper subject for a design patent, for anticipation, nor for lack of invention.

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER TO BILL.

A prior patent not set out in the bill cannot be considered as part of the record on demurrer.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

3. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES.

In a suit by an exclusive licensee for infringement of a patent, it is not prejudicial error to join the patentee as a complainant.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 290.*

Persons entitled to sue for infringement, see note to Snead v. Scheble, 99 C. C. A. 583.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by Morton Havens and another against W. R. Ostrander & Co. On demurrer to bill. Overruled.

Parsons, Hall & Bodell, for complainant.
Robert S. Allyn, for defendant.

LACOMBE, Circuit Judge. The patent sued upon is No. 39,767, for a design for branch box for insulated electric wires issued January 12, 1909. The specification states that:

"This design for branch boxes comprises an elongated body having a closure on one side constituting a continuation of the lines of the body and having nipples projecting from each end of the body. The bottom of the body is curved, and all parts of the device are joined by gradual curves, so as to produce an ornamental effect."

The accompanying drawing has two figures giving perspective views of the box.

[1] The first ground of demurrer is that it appears upon the face of the patent that the subject-matter thereof is not the proper subject-matter for a design patent. Reference is made to Williams Calk Co. v. Kemmerer, 145 Fed. 928, 76 C. C. A. 466 (the calk on a horse-shoe), and to Bradley v. Eccles, 126 Fed. 945, 61 C. C. A. 669 (the washer for a thill-coupling). But in the authorities cited the court was sufficiently familiar with the art to take judicial notice that the horse-shoe calk and the thill-washer were so used that their particular design was unimportant. This court, however, knows nothing about the art of branch boxes for electric wires, and without some testimony cannot form an opinion as to whether they are or are not so used as to leave some scope for designing them.

The next ground of demurrer is that the patent is void on its face for lack of invention in view of common public knowledge. It is true that the design as illustrated in the figures seems to be a simple one, but this court has no "common knowledge" of the particular art either as to prior designs for such devices or as to possible difficulties to be overcome in constructing the pipe and closure and putting them in place, and at the same time giving them an attractive appearance. "In patent causes there is always the chance that evidence as to conditions prior and subsequent to the patentee's publication may be introduced, which would induce the reversal even of a very strong impression formed merely from a perusal of the patent in the light of common knowledge." Stillwell v. McPherson (C. C. A., Second Circuit) 183 Fed. 586, November 7, 1910.

[2] It is next contended that the design patent is anticipated by a mechanical patent to the same inventor, No. 775,037, reissued April 23, 1907, No. 1,264. This patent, however, is not set forth in the bill. The mere fact that it is, with many others, referred to in a license agreement which is annexed to the bill does not make profert of it so that it may be considered as a part of the record on demurrer.

[3] It is next contended that there is an improper joinder of parties, the complainants being the patentee and the holder of an exclusive license. The patentee may not be a necessary party, but it is not error

to join him as a party plaintiff. Defendant is in no way prejudiced thereby.

The other two grounds of demurrer are not warranted by the language of the bill, and need not be discussed.

The demurrer is overruled, with leave to answer in 20 days.