## FRANK v. WESTERN ELECTRIC CO., Inc.

Circuit Court of Appeals, Second Circuit.
March 5, 1928.

No. 157.

I. Patents ⊚⟶112(3)—Invention is presumed from issuance of patent.

Presumption obtains, from the issuance of a patent, that it involves invention and therefore novelty of idea.

2. Patents ⊚⟶310(9¾)—Patent infringement suit should not be dismissed on pleadings, unless want of novelty so palpably appears from face of patent as to exclude possibility of contradiction.

To dismiss patent infringement suit on the pleading, it must clearly appear on face of patent that there is a want of novelty and invention, so palpable that any competent evidence in support of patent would be ineffective to show contrary.

3. Patents ⊚⟶310(9¾)—Motion to dismiss bill for infringement should be overruled in case of doubt, and complainant given opportunity to introduce evidence.

Motion to dismiss bill in patent infringement suit should be overruled, in case of doubt regarding invalidity or invention, and complainant should be given full opportunity, by offering evidence, to support and justify grant of patent.

4. Evidence ⊚⟶1—Judge may not, after study of answer, hold, from his knowledge of facts, that defense is good, without giving opportunity to complainant to meet it.

Judge may not, after study of answer, say from his knowledge of facts that defense presented is good, without necessity for a trial, giving complainant opportunity to meet the defense.

5. Patents ⊚⟶313—Bill for infringement of patent relating to luminous buttons for electrical wall switches held sufficient on motion to dismiss after interposing answer.

Dismissal of bill for infringement of patents relating to luminous buttons and pendants for electric wall switches and sockets, after interposing answer, held error, where court could not say from pleadings alone that complainant would not be able to controvert allegations of answer by introducing evidence.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by Maxwell C. Frank against the Western Electric Company, Incorporated. Decree for defendant, dismissing the bill, and plaintiff appeals. Reversed.

Munn, Anderson & Munn, of New York City (T. Hart Anderson and Charles A. Morton, of New York City, of counsel), for appellant.

Dean S. Edmonds and Leslie B. Young, both of New York City, for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This suit originally was for infringement of six patents relating to luminous buttons and luminous pendants for electrical wall switches and chain sockets in various forms. It was discontinued as to one. The bill sufficiently stat-

ed a cause of action for infringement upon each of the five remaining patents—No. 1,197,926, No. 1,235,788, No. 1,246,080, No. 1,256,007, and No. 1,321,024.

The court dismissed the bill on motion, after answer was interposed, holding that each of these patents was invalid on its face. The allegations of the complaint and the argument of the appellant are that each of the patents covers a separate and distinct subject-matter.

As to patent No. 1,197,926, granted September 12, 1916, the specifications and claim set forth switch buttons of the type in common use, modified by the insertion, in the end thereof, of a glass dome or thimble-shaped portion. Inside this glass dome is a lining of luminous material held in position by fusable cement filling, and the claim is that it is a new article of manufacture, consisting of this combination, and that as such it amounts to invention.

Patent No. 1,235,788, granted August 7, 1917, discloses a transparent button with a layer of luminous material inside a thimble, the whole being held in place by suitable cement or a washer. It is a structure of a transparent cylindrical body, with a luminous substance inside the body and a clamping device secured by friction to the cylinder, and capable of retaining the luminous material in place. The application which matured in this patent and the application which matured in the first patent mentioned were copending in the Patent Office, which may be an answer to the claim now advanced by the appellee of double patenting.

Patent No. 1,246,080 was granted November 13, 1917, and was copending with the previously mentioned patents. It describes switch buttons having a luminous element embodied within and forming part of the button, and a transparent cover not projecting, but flush with the face of the button. It provides that the transparent cover may be celluloid. In this patent the inventor says he makes use of a reflecting disc, which is placed behind the luminous substance, to prevent the absorption of light rays, and says it is the first time it has been used.

Patent No. 1,256,007 was filed January 8, 1917, after the grant of No. 1,197,926, and before the grant of No. 1,235,788 or No. 1,246,080. In this structure, the cement filler is eliminated, and a thin capsule, preferably of metal, is used, which is retained by friction. It is stated that a hermetical seal may also be added. The advantage of the hermetical seal is explained as preventing flaking and rendering the article more durable. It is said that hermetically sealing the luminous material with the body sufficiently distinguishes it from No. 1,235,788, copending therewith, and thus avoids the charge of double patenting. No. 1,321,024, covers another form of luminous indicator, having a metal base transparent shell, with two elements said to combine a form of housing and luminous substance.

[1-4] The presumption obtaining from the issuance of the patent is that it involves invention, and therefore novelty of idea. When a bill is dismissed on the pleading, it prohibits the production of evidence in support of that presumption, and such relief as dismissal of a bill on the pleading is rarely granted. To grant such a motion, it must clearly appear on the face of the patent— that is, the drawings, specifications, and claims—that, resorting to common and general knowledge, one may say that there is a want of novelty and invention, and it is so palpable that any competent evidence which might be offered in support of the patent would not show the fact to be otherwise. If there is any doubt regarding the invalidity or invention, it should result in overruling a motion to dismiss upon demurrer. A complainant should have full opportunity, by offering evidence, to support and justify the grant of the patent. Nor may a judge, after study of the answer, say that, from his knowledge of facts, a defense is good without out a trial, with full opportunity of the complainant to meet the defense interposed. Judicial knowledge must be broad, and go far, to enable a judge to say that he can properly hold that no facts exist which would tend to controvert the allegations of the answer. Brown v. Piper et al., 91 U. S. 37, 23 L. Ed. 200; Lange v. McGuin et al. (C. C. A.) 177 F. 219; Eclipse Mfg. Co. v. Adkins (C. C.) 36 F. 554. This rule obtains in this circuit. Bayley & Sons, Inc., v. Blumberg et al. (C. C. A.) 254 F. 696; National Casket Co. v. Stolts (C. C. A.) 174 F. 413; Lyons v. Drucker et al. (C. C. A.) 106 F. 416; Beer v. Walbridge et al. (C. C. A.) 100 F. 467; Blessing v. Trageser Steam Copper Works (C. C.) 34 F. 754.

[5] We do not mean to indicate that any of these patents should be sustained or that infringement should be found. Upon the trial it will be the duty of the trial judge to determine such issues after hearing the testimony. At that time the defense of double patenting, prior anticipation, and all other defenses interposed, will be available to the defendant. It will afford full opportunity,

to the appellant to support its presumption, flowing from the grant of the patent, that what the inventor has done in each or any case establishes the embodiment of inventive idea. A. Kimball Co. v. Noesting Pin Ticket Co. (C. C. A.) 262 F. 148; Corrington et al. v. Westinghouse Air Brake Co. (C. C. A.) 178 F. 711, 715.

Decree reversed.